CITY OF JAMESTOWN v. HOME TELEPHONE CO.

(Supreme Court, Appellate Division, Fourth Department.   March 4, 1908.)

1. MUNICIPAL CORPORATIONS—REPEAL OF CHARTER PROVISIONS—ACT OF LEGIS-
LATURE—REPEAL BY IMPLICATION.

The repeal of a provision of a city charter by an act of the Legislature can be effected by express enactment only, and not by implication.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 134.]

2. SAME—POWER TO REGULATE TELEPHONES—EFFECT OF CORPORATION TRANS-
PORTATION LAW.

The charter of Jamestown, Laws 1886, p. 140, c. 84, tit. 3, § 9, subd. 46, providing that the common council shall have power to prevent or regulate the setting or stringing of telephone poles and wires in the city, was not repealed by Laws 1890, p. 1136, c. 566, as amended by Laws 1892, p. 1170, c. 617, known as the "Transportation Corporation Law."

3. TELEGRAPHS AND TELEPHONES—MUNICIPAL PURCHASES—CONDITIONS—PAY-
MENT OF PERCENTAGE OF GROSS EARNINGS.

Where a city council is authorized by law to prevent or regulate the setting or stringing of telephone poles and wires in the city, an ordinance granting a telephone company a right to install and operate a telephone system and plant in the city, subject to certain restrictions and conditions, including a provision that the company should pay the city a certain per cent. per annum of its gross earnings after a certain number of revenue earning telephones were in operation, and such ordinance was accepted by the officers of the company upon authorization of a vote of its directors, and the ordinance recites the acceptance of the ordinance by the telephone company in consideration of its passage and other good and valuable considerations, including $1, the receipt of which is acknowledged by the company, the telephone company is bound by the obligation.

Appeal from Special Term, Chautauqua County.

Action by the city of Jamestown against the Home Telephone Company.   From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals.   Affirmed.

The action was commenced on the 12th day of October, 1906, to recover certain percentages of the gross earnings of the defendant, which has installed and is engaged in operating a telephone system or plant in the plaintiff city; the plaintiff alleging that such percentages are due and owing to it from the defendant under and by virtue of an agreement or condition contained in the franchise granted to the defendant and which was duly accepted by it, and which agreement or condition it expressly agreed to keep and perform.   The demurrer interposed raises the issue that the agreement or condition contained in the franchise was imposed by the plaintiff without authority of law; that there was no consideration for the same, and, therefore, that it was void.   The defendant insists that it is entitled to exercise all the rights and privileges granted or conferred by such franchise, but as matter of law it is absolved from all obligation to keep and perform the agreement made by it to pay to the plaintiff any percentage of its gross earnings.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Arthur C. Wade, for appellant.
Eleazor Green, for respondent.

McLENNAN, P. J.   The plaintiff is a municipal corporation, created by chapter 84, p. 126, of the Laws of 1886.   Subdivision

46, § 9, tit. 3, p. 140, of said act, which constitutes the plaintiff's charter, provides that the common council of the plaintiff shall have power "to prevent or regulate the setting or stringing of telegraph or telephone poles and wires in said city." The defendant is a domestic corporation, organized and existing under and by virtue of chapter 566, p. 1136, of the Laws of 1890, as amended by chapter 617, p. 1170, of the Laws of 1892, known as the "Transportation Corporation Law." On the 17th day of June, 1901, the plaintiff, by resolution of its common council, granted a franchise to the defendant which authorized it to install, construct, maintain, and operate a telephone system and plant in said city upon certain conditions, and subject to certain restrictions and regulations therein specified.

The seventeenth clause of such grant or franchise, and which is the sole subject of this controversy, is as follows:

"It is also made a condition for the granting of this franchise, and the company by its acceptance hereby agrees to pay to the city of Jamestown one per centum per annum of its gross earnings at and after the time that said company shall have in operation one thousand revenue earning telephones, and whenever said company shall have two thousand revenue earning telephones in actual use, it shall pay to the city of Jamestown two per centum per annum of its gross receipts, and said company waives the right to have said percentages deducted from any taxes, according to the provisions of the tax law, and agrees to pay such percentages in addition to all taxes."

Said defendant company, by its president and secretary, so authorized by vote of its directors, accepted said franchise. The franchise so accepted contained the provision:

"Whereas, the terms, regulations and conditions contained in said ordinance or franchise are in the form requested by said company [the defendant] and approved by said city, now, therefore, in consideration thereof, and of other good and valuable considerations passing to said company, including one dollar ($1.00) paid to said company by said city, the receipt whereof is hereby acknowledged, the said 'The Home Telephone Company of Jamestown, N. Y.,' party of the first part hereto, accepts said franchise and the privileges thereby granted, and said company hereby covenants on its part to fully perform all the conditions of said franchise and to conform to all its regulations and limitations, and not to ask, charge or collect more than the rates therein mentioned."

Thereafter, as appears by the allegations of the complaint (all of which must be assumed to be true), under the ordinance and franchise thus granted to it, the defendant installed and constructed a telephone system or plant in the city of Jamestown, and has ever since maintained and operated the same.

It is alleged that on and after a certain day the defendant had installed, was operating, and was receiving revenues from 1,000 telephones; that on and after a certain other day it had installed, was operating, and was receiving revenues from 2,000 telephones; that after a certain other day it had installed, was operating, and was receiving revenues from a much larger number of telephones, the number of which was unknown to the plaintiff, and the action was brought to recover the percentages provided for in the seventeenth clause of the franchise upon the gross earnings concededly received, and to compel an accounting by the defendant disclosing

the revenues received by it from telephones in excess of the 2,000 mentioned in the franchise. The learned trial judge in the interlocutory judgment directed judgment in favor of the plaintiff for the amount alleged to be due, and directed that the defendant should account for the percentages on its gross earnings upon telephones installed and operated by it in excess of the 2,000 mentioned in the franchise. There is and there can be no denial by demurrer of these facts alleged in the complaint.

So that we come to the proposition, can the defendant repudiate the agreement solemnly made by it, in substance, that it would pay to the city of Jamestown a certain percentage of its gross earnings in consideration of the rights given to it under the franchise which it sought and obtained from such city? For the purposes of this appeal, we may assume, without deciding, that an agreement so made is void and without consideration, however formally expressed, if the municipality had no right under the law to exact such conditions. But as we have seen, the city of Jamestown was by its charter given the right to prevent any telephone or telegraph company from setting its poles or stringing its wires in said city. Not only was it given authority to prevent, but it was given the power to prevent or regulate. Under plaintiff's charter, it was competent for it to prevent any corporation from setting poles or stringing wires upon its streets. Such were the express words of the charter. By the franchise in question it gave to the defendant such right upon certain conditions, which were accepted by the defendant, but which are now sought to be repudiated.

The only question presented by this appeal is, was the power given by its charter to the city of Jamestown to prevent a telephone company from doing business within its jurisdiction repealed by the transportation corporation law; and, really, the question presented is, did the Legislature intend by the passage of such transportation corporation law to repeal the power conferred in the premises upon the city of Jamestown by the charter granted to it? Under such charter it is set forth in express language that the municipality may prevent the erection of telephone poles or the stringing of its wires. Is there anything in the transportation corporation law which by implication or otherwise can nullify such right or authority conferred by special statute upon the city of Jamestown? It seems to us that it is axiomatic that such special statute must be repealed, if at all, by express enactment of the Legislature; that it cannot be accomplished by implication. There is nothing in the act authorizing the incorporation of the defendant which, as it seems to me, by any implication can abrogate the right of the plaintiff to prevent the installation by the defendant of a plant or system which shall obstruct the streets of said city. If this proposition is correct, the plaintiff had the right to reject the defendant's application for a franchise to do business in its city, and, if so, it would seem axiomatic that such city had the right to impose such conditions as were reasonable and in the interests of its inhabitants. We think there is no implication of repeal of the Jamestown charter in the transportation corporation law.

Parker v. Elmira, Cortland & Northern Railroad Co., 165 N. Y. 274, 59 N. E. 81. The authorities relied upon by the appellant, Wright v. Telephone Co., 112 App. Div. 745, 99 N. Y. Supp. 85, Village of Carthage v. Tel. Co., 185 N. Y. 448, 78 N. E. 165, 113 Am. St. Rep. 932, and other similar cases, are cases in which the municipality was given only the power to regulate, and in which it was held that under such provision such municipality could not exact that compensation should be paid to it as a consideration for a franchise.

In the case at bar, as we have seen, the plaintiff had the power to prevent the defendant from installing, maintaining, or operating a plant or telephone system within the city, and this authority to prevent, as it seems to me, is absolutely fatal to defendant's contention, unless such right to prevent was taken from such city by the transportation corporation law. "It seems to be well-settled that special and local laws are not deemed repealed by general legislation unless the intent to do so is clear. Ordinarily, an express repeal by some intelligent reference to the special act is necessary to accomplish that end." Aldinger v. Pugh, 57 Hun, 191, 10 N. Y. Supp. 684; Buffalo Cemetery Association v. Buffalo, 118 N. Y. 61, 22 N. E. 962; Stack v. City of Brooklyn, 150 N. Y. 335, 44 N. E. 1030; Parker v. Elmira, Cortland & Northern R. R. Co., 165 N. Y. 274, 59 N. E. 81.

In the case at bar, there certainly is no language in the transportation corporation law which can be deemed to repeal the provision of the plaintiff's charter to which attention has been called, and we think there should be no undue effort to accomplish or bring about such result by implication. The defendant entered into the agreement in question, accepted the franchise and the conditions thereby imposed, none of which were against good morals or in any manner in conflict with public policy. It received and accepted the benefits thus conferred upon it, and certainly there is no reason in equity why it should not keep and perform the duties and obligations imposed upon it by the franchise which it accepted, and under which it installed and is maintaining and operating its plant in the plaintiff's city. As we have said, it seems to us that under its charter the plaintiff had full power and authority to prevent the defendant from doing business in said city, but after negotiating and considering all the conditions the plaintiff consented that the defendant should install, maintain, and operate a telephone system and plant in such city upon the condition, among others, that it should pay to the municipality certain percentages of its gross earnings. The defendant accepted such franchise, agreed to keep and perform the obligations thereby imposed, and we see no reason for holding that such obligation was not in all respects binding upon the defendant.

We conclude that the interlocutory judgment appealed from should be affirmed, with costs.

Interlocutory judgment affirmed with costs, with leave to the defendant to plead over upon payment of the costs of the demurrer and of this appeal. All concur.