# CITY OF MITCHELL, et al. v. DAKOTA CENTRAL TELEPHONE CO.

Const. art. 10, § 3, forbids the construction of a telephone line within a city without the consent of the local authorities. Pol. Code, § 1229, subds. 9, 10, 17, confer upon a city the right to control and manage its streets and alleys. Civ. Code, § 554, grants to the owners of any telephone the right to use the public grounds, streets, and alleys, subject to the control of the proper municipal authorities as to what streets and alleys such telephone shall run over, and the place where poles shall be set. **Held,** that Pol. Code, § 1229, subds. 9, 10, 17, is not repealed by Civ. Code, § 554, but both sections must be construed together, and with reference to Const. art. 10, § 3, and that a city was authorized to require as a condition to the grant of a telephone franchise that the company pay annually to the city 10 per cent. of its gross receipts above a sum specified.

A telephone company accepting a franchise requiring the payment to the city of a portion of its receipts as compensation for the use of streets and alleys is estopped to plead that such requirement is ultra vires.

The requirement of a telephone franchise ordinance that the company pay to the city a fixed percentage of its gross receipts over a certain amount was not a tax, but in the nature of compensation for the use of streets and alleys, and was not abrogated by subsequent statutory provisions for the assessment of corporate franchises.

The repeal of an ordinance by implication is not favored.

An ordinance granting a franchise to conduct a local telephone system and requiring payment of a percentage of the gross receipts to the city was not repealed by a subsequent ordinance granting a franchise to conduct a long distance system upon specified conditions, but not requiring any payment by the company from its receipts to the city.

A telephone franchise ordinance requiring payment by the company of a percentage of its gross receipts over a certain amount to the city was not repealed by a subsequent resolution granting to the company the right to maintain in the streets and alleys all conduits and cables necessary; it not purporting to repeal or modify such ordinance further than to allow the placing of wires underground instead of upon poles.

An ordinance can be repealed or changed only by another ordinance and not by resolution.

Haney, J., dissenting.

(Opinion filed May 24, 1910.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by the City of Mitchell and others against the Dakota Central Telephone Company. Judgment for defendant, and plaintiffs appeal. Reversed, with directions.

*Laurits Miller,* for appellants.

Special and local laws are not deemed repealed by general legislation unless the intent to do so is clear. Ordinarily an express repeal by some intelligent reference to the special act is necessary to accomplish that end. Ex parte Crow Dog, 109 U. S. 556; Aldinger v. Pugh, 57 Hun. 191, 10 N. Y. S. 684; Parker v. Elmira, Cortland & Northern R. R. Co., 165 N. Y. 274; City of Jamestown v. Home Tel. Co., 109 N. Y. S. 297. When the power to grant a street privilege is discretionary, the municipality is not restricted to granting or refusing to grant privileges or franchises, but may impose conditions for the public good. 27 Am. & Eng. Ency. of Law 154; Southern Bell Tel. Co. v. Richmond, 44 C. C. A. 147; People v. Suburban Ry. Co., 178 Ill. 594; Coverdale v. Edwards, 156 Ind. 374; Pac. Ry. Co. v. Leavenworth, 1 Dill (U. S.) 393; Chicago, etc., Ry. Co. v. Dunbar, 100 Ill 110; State ex rel Tel. Co. v. City of Cheboygan, 86 N. W. 657; Michigan Tel. Co. v. City of Benton Harbor, 80 N. W. 386. And when full and complete jurisdiction over streets and highways is conferred upon the municipal corporation, the local authorities may give or withhold franchise which necessarily involves the right to prescribe the terms and conditions upon which their assent is given. McQuillin Municipal Ordinances, Sec. 569; Northern Central Ry. Co. v. Baltimore, 21 Md. 93; Ghee v. Northern Union Gas Co., 158 N. Y. 510; Cumberland Tel. & Tel. Co. v. City of Evansville, 127 Fed. 187. When the license or privilege to use the streets of a city has been granted by ordinance and accepted with the conditions attached, it then becomes a valid contract. which the grantees are estopped to deny. Cumberland Tel. & Tel. Co. v. Cartwright Creek Tel. Co., 108 S. W. 875; Williams v. Citizens R. R. Co., 130 Ind. 71; New Orleans-Great Southern Tel. Ex. Co., 8 Am. St. Rep. 502; City of Lancaster v. Briggs et al, 96 S. W. 314; Kadish v. Gordon City, etc., 151 Ill.; Village of London Mills v. White, 70 N. E. 313; Mahan v. Mich. Tel. Co. 93

N. W. 629; Northwestern Tel. Ex. Co. v. Anderson, 98 N. W. 706; Mich. Tel. Co. v. City of St. Joseph, 88 N. W. 313; City of Jamestown v. Home Tel. Co., 109 N. Y. S. 297. Repeals by implication are not to be favored and the proper rule of con-· struction of municipal ordinances is that they shall be strictly con-·· strued against the party claiming a grant. State ex rel Null v. Mayhew, 10 S. D. 365, 73 N. W. 200; 26 Am. & Eng. Ency. of Law, 721-723; State ex rel Northewestern Tel. Ex. Co. v. City of Thief River Falls, 113 N. W. 1057. A mere resolution cannot have the effect of repealing a law or a municipal ordinance. To do this requires another law or municipal ordinance enacted with the same formalities as the law or ordinance itself. 26 Am. & Eng. Ency. of Law, 717.

*Null & Royhl,* for respondent.

The right of the telephone company to construct its lines anywhere in the state, includes the right to enter any city with the consent of its local authorities and when such consent has been obtained, the company is subject only to such rules and regulations as the legislature may prescribe, or authorize the council to pre-scribe. The legislature may extend or restrict the power of cities with respect to these companies, as its wisdom may dictate, but no city can impose any conditions, or enforce any regulations, other than those authorized by the legislature. Telephone Co. v. Minneapolis, 86 N. W. 69; Abbott v. City of Duluth, 104 Fed. 833; Duluth v. Telephone Co., 87 N. W. 1127; State v. Flad, 23 Mo., Appeals, 185; Telephone Co. v. Red Lodge, 76 Pac. 758; Irwin v. Telephone Co., 37 La. 633; Hodges v. Western Union, 29 L. R. A. 770; Farmer & Getz v. Telephone Co., 74 N. E., 1078; Chamberlain v. Telephone Co., 93 N. W. 596; Telephone Co. v. City of Sheboygan, 90 N. W. 441; State v. Milwaukee Ind. Tel. Co., 114 N. W. 108. A charge imposed by a city for the privilege of using the streets, alleys and public places, of the city, by a telephone company, and which is graduated by the amount of such use, is not a privilege or licensed tax. The city not being the owner or proprietor of the streets, cannot impose a "rental tax." A tax is a demand of sovereignty; a toll is a demand of proprietorship. City of St. Louis v. Western Union, 148 U. S. 92.

CORSON, J. This is an appeal by the plaintiffs from a judgment entered in favor of the defendant. The action was instituted by the plaintiffs to recover of the defendant the sum of $1,731.77, together with interest alleged to be due the plaintiffs, being 10 per cent. of the gross receipts of the defendant as specified in section 4 of ordinance No. 135 of the city of Mitchell, granting to the defendant the right to install a telephone system in the city of Mitchell, approved May 11, 1898. The defendant set up various defenses in its answer; the material ones in the view of this court being: (1) That the provision in ordinance No. 135 for the payment of 10 per cent. upon the gross earnings of the company in excess of $2,400 per annum was inserted therein without authority and is illegal and void. (2) That ordinance No. 180 passed by the city of Mitchell in 1904 in effect repealed and superseded the provisions of ordinance No. 135 so far as it relates to the payment of the 10 per cent. on the gross proceeds of the defendant. The case was tried by the court without a jury upon an agreed statement of facts, the substance of which was adopted by the court as its findings of fact. The fourth section of ordinance No. 135, in which the right was granted to the defendant to install a telephone system in the city of Mitchell, reads as follows: "That in consideration of the said city of Mtichell granting to the said F. B. Elce, his associates, heirs and assigns, the right and privilege to use the streets, alleys and public grounds of the said city of Mitchell, for the erection and maintenance of the public telephone system, * * * provided, also, that at any time after three years from the adoption and approval of this ordinance that the gross receipts of the said telephone system for any one year shall be in excess of the sum of two thousand four hundred dollars ($2,400), the said F. B. Elce, his associates, heirs and assigns, shall pay to the city of Mitchell ten per cent. of the amount in excess of two thousand four hundred dollars ($2,400) received as gross receipts from the said telephone system, which said sum shall be paid to the city at the end of each and every year, and the city council shall have the right and privilege to examine the books of the said telephone

system for the purpose of ascertaining the gross earnings of the said telephone system." The court also in its findings finds as follows: "That F. B. Elce, the grantee in said ordinance No. 135, duly accepted the terms and conditions of said ordinance, and that under and in pursuance thereof the said grantee therein, F. B. Elce, installed a local telephone system in said city of Mitchell, S. D., and used and occupied the streets, alleys, and public grounds and highways of said city with the poles, wires, and fixtures used in the operation of said telephone system, under the restrictions, limitations, and conditions of said ordinance No. 135." It is further found by the trial court that all of the rights and privileges granted to the said F. B. Elce were transferred to the defendant in this action. The court further finds that ordinance No. 180 was adopted by the council of the city of Mitchell on the 7th day of June, 1904. This ordinance in effect grants to the defendant the right and privilege to erect poles, string wires on any of the streets, alleys, and public highways of the city of Mitchell, excepting certain portions thereof, and to maintain the same for a period of 20 years from and after the passage and approval of the ordinance. "Supplying the * * * citizens of Mitchell, and the public in general, facilities to communicate by long distance telephone or other electrical devices with parties residing in, near or at a distance from Mitchell, and all such rights to be continued on the condition herein named." The ordinance then proceeds to specify certain conditions, but there is no provision in respect to the payment of any percentage of the gross proceeds arising therefrom to the city. There seems to be no question raised as to the amount due the city if it is entitled to recover any sum whatever in this action. The court in its conclusions of law concludes, among other things: "(1) That the city of Mitchell was without power or authority to impose a gross earnings or charter tax as a condition of its consent to erect, construct, or maintain telephone lines and exchange in the city of Mitchell. (2) That that portion of the ordinance of May 11, 1898, known as ordinance No. 135, which imposes a gross earnings or franchise tax, is void. * * * (4) That the plaintiff

is not entitled to recover in this action. * * * (7) That defendant is entitled to recover its costs and disbursements in this action." The appellants assign the following errors: "(1) The court erred in making conclusions of law Nos. 1, 2, 4, and 7. (2) The court erred in rendering judgment in favor of defendant, dismissing plaintiff's complaint, and awarding costs to the defendant. (3) The court erred in not entering and rendering a decision and judgment in this action in favor of the plaintiffs as demanded in plaintiffs' complaint."

The appellants contend for a reversal of the judgment in this case "that the city of Mitchell had full power and authority to pass said ordinance No. 135, and to impose upon its consent to the use of its streets for telephone purposes the conditions therein prescribed; that said ordinance No. 135 is valid in every respect and is in full force and effect, and by virtue of its provisions the defendant company is under legal obligation to pay to the plaintiff city the amount prayed for in the complaint herein; that ordinance No. 135, when acted upon, became a valid and binding contract which the defendant is now estopped to deny; that the trial court erred in its conclusions of law Nos. 1, 2, 4, and 7, and in rendering judgment dismissing plaintiff's complaint and awarding costs to the defendant." The respondent contends in support of the judgment that the city of Mitchell was without authority to impose the conditions specified in section 4 of ordinance No. 135 relating to the payment of 10 per cent. of its gross proceeds in excess of $2,400, and that the provision providing for the payment of the 10 per cent. of the gross proceeds was void. The respondent further contends that ordinance No. 180 passed by the city of Mitchell in 1904 in effect repealed the provisions relating to the 10 per cent. of the gross receipts provided for in section 4 of ordinance No. 135. It will thus be seen that the questions presented are: (1) Did the city of Mitchell have authority to grant to the predecessor of the defendant the right to establish its telephone system in the city of Mitchell upon the condition that it pay to the city 10 per cent. of its gross proceeds over and above the sum specified? (2) Did

the subsequent ordinance No. 180, granting to the defendant the right to maintain a long distance telephone system within the city of Mitchell, have the effect of repealing the provisions relating to the payment of the 10 per cent. of its gross proceeds as provided in section 4 of ordinance No. 135?

Section 3, art. 10, of the state Constitution, provides as follows: "No street passenger railway or telegraph or telephone line shall be constructed within the limits of any village, town or city without the consent of its local authorities." It is quite apparent from this section of the Constitution that there is reserved to the municipality the right to grant or refuse to grant to telephone companies the privilege or franchise for establishing a telephone system within the municipality, and that it necessarily follows that if it had the right to refuse to grant such franchise or privilege, it necessarily has the right to grant the same upon such terms and conditions as it may choose to impose, and, if the telephone company accepts the conditions, they become binding upon the company. Such company cannot accept the grant and proceed to install their plant and refuse to comply with the conditions upon which the grant was made.

Section 554 of the Civil Code provides as follows: "There is hereby granted to the owners of any telegraph or telephone lines operated in this state, the right of way over lands and real property belonging to the state, and the right to use public grounds, streets, alleys and highways in this state subject to control of the proper municipal authorities as to what grounds, streets, alleys or highways said lines shall run over or across, and the place the poles to support the wires are located; the right of way over real property granted in this act may be acquired in the same manner and by like proceedings as provided for railroad corporations." The latter law does not, in our opinion, have the effect of repealing subdivisions 9, 10, and 17 of section 1229, Rev. Pol. Code, which confers upon cities the right to control and manage its streets and alleys. Both Codes, having been passed at the same time, must be construed together, and these sections will also be construed with reference

to the state Constitution known as section 3 of article 10, which is hereinbefore quoted. These sections construed together would seem (1) to give the city exclusive right to control its streets and alleys, and (2) the Constitution prohibits the state from passing any law granting to an individual or corporation the right to construct a telephone system or a street railway unless consented to by the municipality. Subject to these rights the state confers upon corporations or individuals the right to construct telegraph and telephone lines over the lands belonging to the state, and gives its consent, subject to the foregoing provisions to the same being constructed within the municipality. If section 554 of the Civil Code was given the effect claimed by the respondent, it would clearly be in conflict with section 3 of article 10 of the state Constitution. It cannot be presumed therefor that by this section of the Civil Code it was intended either to repeal the provisions of the subdivisions referred to in section 1229 of the Revised Political Code, or to pass a law in conflict with the state Constitution. Conditions prescribed in ordinances granting the privilege or franchise to telephone companies subject to the condition of the payment of a portion of its proceeds as compensation for the use of its streets and alleys for telephone purposes are generally upheld by the courts. And when the terms are accepted and acted upon, it becomes a contract binding upon the parties, and the party receiving the benefit of the grant is estopped from pleading that the conditions were ultra vires. City of St. Louis v. Western U. T. Co., 148 U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380; City of Pensacola v. Southern Bell Tel. Co., 49 Fla. 161, 37 South. 820; City of Lancaster v. Briggs et al., 118 Mo. App. 570, 96 S. W. 314; Postal Tel. Cable Co. v. Newport (Ky.) 76 S. W. 159; City of Plattsburg v. Tel. Co., 88 Mo. App. 306; City of Memphis v. Postal Tel. Cable C. Co., 145 Fed. 602, 76 C. C. A. 292. As bearing upon this question, see the following cases: Eckman v. Railway Co., 169 Ill. 312, 48 N. E. 496, 38 L. R. A. 750; Brewing Co. v. Flannery, 137 Ill. 309, 27 N. E. 286; Kadish v. Association, 151 Ill. 531, 38 N. E. 236, 42 Am. St. Rep. 256; Cumberland Tel. & Tel. Co. v. Cart-

wright Creek Tel. Co., 128 Ky. 395, 108 S. W. 875, 32 Ky. Law Rep. 1357; City of Jamestown v. Home Tel. Co., 125 App. Div. 1, 109 N. Y. Supp. 297; Williams v. Citizens' R. R. Co., 130 Ind. 71, 29 N. E. 408, 15 L. R. A. 64; Mich. Tel. Co. v. City of St. Joseph, 121 Mich, 502, 80 N. W. 383, 47 L. R. A. 87; New Orleans v. Great Southern Tel. Ex. Co., 40 La. Ann. 41, 3 South. 533; Northwestern Tel. Ex. Co. v. Anderson, 12 N. D. 585, 95 N. W. 706, 65 L. R. A. 771; Kadish v. Gorden City, etc., 151 Ill. 531, 38 N. E. 236; Mahan v. Mich. Tel. Co., 132 Mich. 242, 93 N. W. 629; Village of London Mills v. White, 208 Ill. 289, 70 N. E. 313; City of Chicago v. Sheldon, 76 U. S. 50, 19 L. Ed. 594; Chicago Gen. Ry. Co. v. Chicago, 176 Ill. 253, 52 N. E. 880, 66 L. R. A. 959; Potter v. Calumette St. Ry. Co. (C. C.) 158 Fed. 522; People ex rel. Jackson v. Suburban Ry., 178 Ill. 594, 53 N. E. 349, 49 L. R. A. 650.

In the City of St. Louis v. Western U. T. Co. the Supreme Court of the United States held that: "A municipal charge for the use of the streets of the municipality by a telegraph company, erecting its poles therein, is not a privilege or license tax." And in its opinion the Supreme Court, speakng by Mr. Justice Brewer, says: "All that we desire or need to notice is the fact that this use is an absolute, permanent, and exclusive approriation of that space in the streets which is occupied by the telegraph poles. To that extent it is a use different in kind and extent from that enjoyed by the general public. Now, when there is this permanent and exclusive appropriation of a part of the highway, is there in the nature of things anything to inhibit the public from exacting rental for the space thus occupied? Obviously not. Suppose a municipality permits one to occupy space in a public park, for the erection of a booth in which to sell fruit and other articles; who would question the right of the city to charge for the use of the ground thus occupied, or call such charge a tax, or anything else except rental? So, in like manner, while permission to a telegraph company to occupy the streets is not technically a lease, and does not in terms create the relation of landlord and tenant, yet, it is

the giving of the exclusive use of real estate, for which the giver has a right to exact compensation, which is in the nature of rental. We do not understand it to be questioned by counsel for the defendant that, under the Constitution and laws of Missouri, the city of St. Louis has the full control of its streets; and in this respect represents the public in relation thereto."

In Postal Telegraph & Cable Co. v. City of Newport, supra, the Court of Appeals of Kentucky held that: "Where an ordinance granted a telegraph company the right to use certain streets and alleys provided that the company should pay the city a license tax of $100 per annum, such charge was not in the nature of a license tax, which the city was bound to impose equally on all persons engaged in the same business, but was in the nature of a charge or consideration for the grant." And in its opinion that learned court says: "The defendant entered on the streets soon after the ordinance was passed and constructed its system. It had no authority to do so, except under the ordinance. Its action was an acceptance of the ordinance in the absence of some expressed disclaimer, which is not alleged. * * * This is not the case of a license tax imposed on a telegraph company already in the use of the streets and alleys of the city. The defendant entered the city and got the use of the streets and alleys by virtue of the ordinance, and it took its rights subject to the charge which the city made for the grant. The question of the reasonableness of the grant was for the parties to decide. If the defendant was not satisfied with the terms of the grant, it could have refused to accept it. * * * The poles and wires in the street are a serious servitude, and, although the defendant was a foreign corporation and engaged in interstate commerce, it could not impose this servitude upon the city, thus taking its property without compensation."

In City of Lancaster v. Briggs et al., supra, it was held by the Kansas City Court of Appeals that: "The use of streets and alleys for the maintenance of a telephone system is subject to regulation by the city, including the power to impose a money charge as a condition to the enjoyment of the right." In that

case the court in its opinion says: "An ordinance accepted and acted upon by its grantees, which provides that in consideration of the granting of the right so to use the public streets the grantees are to pay to the city a stated percentage of the gross receipts derived from the conduct of their business, does not impose a tax; but, as was said in the case of City of Plattsburg v. Telephone Co., supra, is to be construed as 'a sale or rental of necessary portions of the streets of the city for a specified time for the purpose of carrying on a business in which defendants had a right to engage.' The charge imposed is not to be regarded as a demand of sovereignty, but as a demand of proprietorship."

The contention of the respondent in this case that the condition imposed by the city of the payment of a percentage of its gross receipts by the defendant was a tax, and therefore was superseded and abrogated by reason of subsequent provisions of our Code providing for the assessment of a franchise to corporations including telegraph and telephone corporations, is not tenable. As held by the Supreme Court of the United States in the case cited, it is not a tax nor a license. It is in the nature of a rental or compensation to the city for the use of its streets and alleys for telephone purposes. The fact, therefore, that the state has provided that a portion of the tax assesed upon telephone corporations shall be paid to the city, in no manner affects the right of the city to still insist upon the payment of a percentage in the nature of a rental fee for the use of these streets and alleys.

The further contention of respondent that ordinance No. 180, granting to the defendant the privilege or franchise for installing a long distance telephone plant, in effect repealed the provisions of ordinance No. 135, did not, in our opinion, have the effect of repealing, qualifying, or modifying ordinance No. 135, and the fact that the defendant paid the 10 per cent. on its gross proceeds for two years subsequently to the adoption of ordinance No. 180 clearly shows that it did not claim, for a time at least, that ordinance No. 180 in any manner affected the prior ordinance. Repeals by implication are never favored, and this rule is too well settled to require the citation of authorities. There is clearly no

inconsistency between the two ordinances; one being for a local city telephone system, and the other being for a long distance telephone system. It may reasonably be presumed that the long distance telephone would not increase the servitude imposed upon the streets and alleys of the city; and, its object being to connect the residents of the city with the other towns and villages and other parts of the country, it might prove of sufficient benefit to the residents of the municipality to warrant the municipality in imposing no conditions upon the long distance telephone system, and hence its exemption from the imposition of any burden upon it in the way of compensation for the use of the streets and alleys of the city may have been very properly made.

It is further contended by the respondent that the resolution adopted on April 10, 1907, had the effect of modifying or repeal ing ordinance No. 135; but this contention is clearly untenable. The resolution reads as follows: "Be it resolved by the city council of the city of Mitchell, South Dakota, that the right is hereby granted to the Dakota Central Telephone Company, their successors or assigns, to place, construct and maintain through and under the streets and alleys, and public grounds of said city, all conduits, manholes and cables proper and necessary for supplying to the citizens of said city and the public in general, communication by telephone and other improved appliances." It clearly appears from the phraseology of this resolution that it was simply intended to authorize the respondent to construct and maintain through and under the streets and public grounds of said city "all conduits, manholes and cables proper and necessary for supplying to the citizens of said city and the public in general, communication by telephone and other improved appliances." It does not purport to repeal, amend, or modify ordinance No. 135 or ordinance No. 180 further than to allow the respondent the right to place its wires underground instead of stretching them upon poles in the streets; in other words, it was simply a permission to the respondent to place its wires underground where necessary in view of the increasing population and business of the city of Mit-chell. It may be further stated that an ordinance of a municipality

can only be repealed or changed by an ordinance and not by resolution. In 21 Am. & Eng. Ency. of Law, 1003, the rule is thus stated: "The act which repeals a law must be of equal dignity with the act which establishes it; hence an ordinance· can be repealed only by another ordinance, and not by a resolution or motion." In 28 Cyc. 385, the learned author, in· discussing the methods of repealing an ordinance, says: "The repeal may not be effected by mere resolution or motion or by a void ordinance, but must be enacted in the manner required for passing a valid ordinance." We are clearly of the opinion, therefore, that the court's conclusions of law were erroneous, and that its conclusions and judgment should have been in favor of the appellants.

The judgment of the circuit court is therefore reversed. The facts having been fully found by the court, another trial would not seem to be necessary, and it is therefore directed that the circuit court amend its conclusions of law to correspond with the opinion of this court and enter judgment in favor of the plaintiffs for the amount found due and unpaid to the appellants by its ninth and tenth findings of fact, and costs in favor of the appellants in the circuit court and in this court.

HANEY, J., dissenting.