CITY OF MITCHELL, Respondent, v. DAKOTA CENTRAL TELEPHONE COMPANY, Appellant.

(156 N. W. 63.)

(File No. 3806.    Opinion filed February 1, 1916.    Rehearing denied April 11, 1916.)

**Telegraphs and Telephones—Franchise—Contract to Pay City Part of Gross Earnings—Abrogation by Statute, Providing for "Tax"—Construction of Contract.**

A provision in a city telephone franchise for payment by the telephone company of a percentage of its gross yearly earnings above a certain sum, as consideration for granting the use of streets, alleys, and public grounds of the city for the erection and maintenance of the public telephone system, is not a "tax," within the meaning of Laws 1911, Ch. 84, Sec. 6, providing for taxation of telephone companies, and that the tax so levied shall be in lieu of all other taxes including taxes on earnings imposed by any law, ordinance, or municipal regulation, and such provision in the franchise was not abrogated by said statute, but is in the nature of rental or compensation to the city for such use of streets, etc.; following City of Mitchell v. Telephone Company, 25 S. D. 409, 127 N. W. 582.

McCoy, J., dissenting.

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action by the City of Mitchell, against the Dakota Central Telephone Company, to recover the amount of certain taxes. From a judgment for plaintiff, defendant appeals. Affirmed.

*Null & Royhl,* and *Spangler & Haney,* for Appellant.

*Lauritz Miller,* for Respondent.

Appellant cited: Mitchell v. Telephone Co., 25 S. D. 409.

Respondent cited: City of Mitchell v. Dakota Central Telephone Company, 25 S. D. 409, 127 N. W. 582, and cases there cited; City of Pensacola v. Southern Bell Tel. Co., 37 So. 437; City of Lancaster v. Briggs et al., 96 S. W. 314; City of Memphis v.

Postal Tel. Cable Co., 145 Fed. 602; Postal Tel. Cable Co. v. Newport, 76 S. W. 113; City of St. Louis v. Western U. Tel. Co., 148 U. S. 92.

POLLEY, J. Defendant is a telephone company doing business in the city of Mitchell. The franchise under which it is operating was originally granted to one F. B. Elce in 1898; and among other conditions upon which said franchise was granted is the following:

"Sec. 4. That in consideration of the said city of Mitchell granting to the said F. B. Elce, his associates, heirs, and assigns, the right and privilege to use the streets, alleys, and public grounds of said city of Mitchell for the erection and maintenance of the public telephone system. * * * provided, also, that at any time after three years from the adoption and approval of this ordinance that the gross receipts of the said telephone system for any one year shall be in excess of the sum of two thousand four hundred dollars ($2,400), the said F. B. Elce, his associates, heirs and assigns, shall pay to the city of Mitchell ten per cent. of the amount in excess of two thousand four hundred dollars ($2,400) received as gross receipts from the said telephone system, which said sum shall be paid to the city at the end of each and every year, and the city council shall have the right and privilege to examine the books of the said telephone system for the purpose of ascertaining the gross earnings of the said telephone system."

That the city had the power to enter into such a contract with defendant and to enforce collection of such sum as might become due to respondent thereunder was settled by this court in City of Mitchell v. Telephone Co., 25 S. D. 409, 127 N. W. 582. In 1911 the Legislature enacted a law relative to the taxation of telephone companies. Chapter 84, Laws 1911. This law, after providing for the levy and collection of taxes on all telephone companies doing business in this state, provides that:

Said tax "so levied and extended shall be in lieu of all other taxes whatsoever, including taxes on earnings that be now provided for by any law, ordinance, or regulation of any city, town, county or township in this state."

It is contended by defendant that said provision had the effect of abrogating the above-quoted condition of said franchise, and, upon that ground, it is resisting payment of the sum of money

claimed to have become due to respondent under such provision of said franshise on the 31st day of May, 1911. Upon the trial of the cause the court made findings of fact and conclusions of law in favor of plaintiff, and entered judgment accordingly. From this judgment, defendant appeals.

As we view this case, it will be necessary to consider but one question. It will be noted that the tax provided for in chapter 84, Laws 1911, does not purport to be in lieu of any money consideration of any kind, except "taxes." So that, unless the payment provided for in the said franchise is a tax within the contemplation of the above provision (found in the last clause of  section 6, c. 84, Laws 1911), the tax provided for in said chapter is no obstacle in the way of the collection of the sum claimed in this action. But, turning again to City of Mitchell v. Telephone Co., supra, we find that this identical question was considered and was disposed of in language that leaves no room for doubt as to what was the opinion of the court. In that case this court, speaking through Corson, J., said:

"The contention of the respondent in this case that the condition imposed by the city of the payment of a percentage of its gross receipts by the defendant was a tax, and therefore was superseded, and abrogated by reason of subsequent provisions of our Code providing for the assessment of a franchise to corporations including telepraph and telephone corporations, is not tenable. As held by the Supreme Court of the United States in the case cited, it is not a tax nor a license. It is in the nature of a rental or compensation to the city for the use of its streets and alleys for telephone purposes. The fact, therefore, that the state has provided that a portion of the tax assessed upon telephone corporations shall be paid to the city, in no manner affects the right of the city to still insist upon the payment of a percentage in the nature of a rental fee for the use of these streets and alleys."

Whether a consideration of this question was essential to a disposition of that case or not is wholly immaterial. The doctrine there announced is a correct exposition of the law, and is fully supported by the authorities therein cited.

It is contended by the respondent that, as the right to the money involved in this action is secured to it by a valid contract between appellant and respondent, it is not within the constitu-

tional powers of the Legislature to repeal or otherwise impair such contract. But this question is not involved in this case. The tax provided by chapter 84, Laws 1911, is not to be in lieu of anything but "taxes," and, as we have already seen, said sum of money is not a tax, but is in the "nature of a rental or compensation to the city for the use of its streets and alleys for telephone purposes." Therefore the said statute does not, either expressly or by necessary implication, purport to repeal or abrogate the said contract, and it is not necessary to decide, and we do not decide or express any opinion, as to whether the Legislature has such constitutional power or not.

The judgment appealed from is affirmed.

McCOY, J., dissenting.