EDMONDSON *v.* BOYD.

4-5202                                   120 S. W. 2d 561.

Opinion delivered October 24, 1938.

*George H. Holmes,* for appellant.
*Max M. Smith,* for appellee.

MEHAFFY, J. The appellant, R. F. Edmondson, filed suit against Lee Boyd, appellee, in the Cleveland chancery court. He alleged that he was the son and only heir of R. B. Edmondson, who died on December 28, 1931; that at the time of his death the said R. B. Edmondson owned certain lands described in the complaint; on January 1, 1931, said R. B. Edmondson had executed a mortgage to E. Boyd on lands described in the complaint. It was alleged that upon the death of said R. B. Edmondson the legal title was vested in appellant.

On September 18, 1933, E. Boyd instituted suit in the chancery court of Cleveland county against Frank Edmondson, administrator of the estate of R. B. Edmondson to foreclose the mortgage above referred to.

After securing a decree of foreclosure in the chancery court, said lands were sold to Lee Boyd, who bid $190 above the indebtedness, and the sale was approved by the court. It is alleged that the decree was void for the reason that appellant was the owner of the legal title of the lands attempted to be sold and that the deed to Lee Boyd approved on October 8, 1934, is a cloud on appellant's title. Appellant stated that although he was the owner of the legal title to the lands which were sold under the decree of the chancery court, he was never made a party defendant, and not affected by the foreclosure suit. It was alleged that the sale was void for the further reason that no appraisement of said property was made as required by law; that he, as owner, did not waive appraisement, and that the sale was void and should be set aside. It is alleged that Boyd, in suing only the administrator of R. B. Edmondson, has elected to waive any rights of foreclosure that he might have had on the above described lands; that title to said lands is now vested in the appellant as the only heir of R. B. Edmondson, deceased; that after the sale the appellee took possession and cultivated said lands, and that appellant is entitled to the rents. Appellant asked that the sale made by the chancery court be set aside and title to said lands vested absolutely in the appellant, R. F. Edmondson, and that he have judgment for $175 as rent.

The appellee filed a demurrer and answer. In the answer he denied all the material allegations in the complaint, except he admitted that appellant is the son and only heir of R. B. Edmondson, and at the time of the death of R. B. Edmondson he was seized and possessed of the lands described in the complaint, subject to the mortgage; he also admitted that the sale was approved and the deed confirmed, and that he took possession. Appellee further alleged in the answer that the appellant, by his acts and conduct, is estopped from denying title of this appellee; that all matters arising under the fore-

closure proceedings and all questions that might have been raised in said proceedings were fully adjudicated, and appellee pleads *res judicata.*

Appellee also filed cross-complaint. The commissioner's deed to the property and also the order of the court confirming the deed were introduced in evidence.

The court, on November 12, 1937, entered a decree giving judgment for the appellant for $194.40, and that the appellee have a writ of possession; that the complaint of appellant be dismissed for want of equity.

There is no dispute about the facts. R. B. Edmondson was the owner of certain lands described in the complaint, and prior to his death had mortgaged the same to E. Boyd; the debt which the mortgage was given to secure was not paid at the time of his death. R. F. Edmondson, the appellant, was the son of R. B. Edmondson, and his only heir. The mortgagee brought suit against R. F. Edmondson, as administrator. He was not only the only heir, but was the administrator of the estate of R. B. Edmondson. The summons was served on R. F. Edmondson as administrator, and he was not served personally. However, the evidence shows not only that he was served as administrator, but he attended the court, knew all about the foreclosure and the sale, and he himself testified that he was served with summons as administrator, but not individually or personally; that he made no defense to the suit; that he was the only heir and inherited all the property of R. B. Edmondson, and the reason that he did not make a defense to the suit was that he thought he could get in shape to pay off the mortgage by the day of sale; he knew his father owed the debt to Boyd and knew it was an honest debt, and before the sale it was his intention all the time to pay off that indebtedness and get the mortgage satisfied; that after the sale appellant requested the chancellor to give him additional time to pay off the debt and he was given ten days. This request by appellant was not made as administrator, but was made by him personally. He testifies that he made the request for ten days additional time; he does not say "as administrator." He was present on the day of sale, but arrived there a few minutes after the sale.

There is no dispute about these facts. When he requested the court to give him ten days time to get the money, he made himself a party and is bound by the decree of the chancery court. It would certainly be inequitable to permit one who was the sole heir and administrator to avoid the effects of a decree when he had personally attended court, admitted that the debt was just, and personally requested additional time to make payment. Many courts hold that when the administrator is also the heir, he is bound personally where the suit was against him as administrator; but in this instance the request for time was an appearance, and, therefore, he would be bound personally by his conduct.

In *Bliss* v. *Tedrick*, 25 S. Dak. 533, 127 N. W. 582, 32 L. R. A., N. S. 854, 1912C, p. 671, the Supreme Court of South Dakota said: "And it certainly conforms to common sense and justice that where a person, the heir to an estate and also the representative of such estate, intending to convey the interests to such lands owned by the estate for the benefit of the estate and through it for the benefit of the heirs, including such representative, enters into an instrument of conveyance with a purchaser in good faith and for value purporting to carry out the intention of such parties that the title to the property shall be conveyed, such person should be forever estopped, regardless of any covenants or warranties, from being heard to say that the instrument executed was void and of no effect. Such person being estopped to question the title of the grantee, such estoppel inures to the benefit of those claiming title under him, and is binding upon all persons privy to him."

The undisputed evidence in this case shows that the appellant stood by while he was actually a party as administrator, knew all the facts, did not object to the foreclosure or sale, made no defense, and then after the sale requested additional time, and he is thereby estopped.

"It has often been held, that the owner of land, who stands by and aids in the execution of a deed of such land, by a stranger, and himself becomes a witness of the conveyance, is thereby estopped to deny, that the title

passes; *a fortiori,* if he give a deed of the land himself, although as administrator of someone possessing no title, and of whose estate he has no legal administration." *Brown* v. *Edson,* 23 Ver. 435.

As to whether a deed made in a representative capacity estops the grantor individually, it may be conceded the cases are not in accord, but the weight of authority seems to be that the grantor is estopped from asserting his individual right. This is true even though the appellant had not made himself a party, and he is certainly estopped where he goes into court and requests time in which to make payment.

The decree of the chancery court is affirmed.