Matter of the Reincorporation of the VILLAGE OF SAG HARBOR, Suffolk County, New York.

(County Court, Suffolk County, October, 1900.)

1. Village — Persons qualified to vote at a reincorporation election.

The persons who may vote on a proposition to reincorporate, under the Village Law (L. 1897, ch. 414), a village already incorporated under a special law, are those who would have a right to vote under the special law.

2. Same — Appeal does not lie to County Court from certificate showing result of election — Review.

Article XII of the Village Law confers upon the County Court, of the county in which the village is situated, no jurisdiction to hear and determine an appeal from a certificate, filed by the village election officers who conducted the election relative to reincorporation, showing the result of the said election.

*Semble*, that, such an election must be reviewed in the same manner in which other elections are reviewed.

APPEAL to the County Court from a certificate to the effect that the proposition for reincorporation was carried in the affirmative and filed with the village clerk in pursuance of section 302 of the Village Law.

Henry H. Chatfield and George C. Raynor, for appellants.

Theodore D. Dimon, for respondent.

REEVE, J.   On July 27, 1900, a special election was held in the village of Sag Harbor, N. Y., upon the question of reincorporation under the General Village Law, the proposition receiving a majority of fifty-eight.   The said village had been previously incorporated by a special charter (L. 1861, ch. 312), passed April 18, 1861, by the Legislature of this State.   A certificate to the effect that the proposition for reincorporation was carried in the affirmative was filed with the village clerk in pursuance of section 302 of the Village Law.   From this certificate an appeal has been taken to the County Court, the appellants claiming that this proceeding is the proper one to review the election, under sections 15, 16 and 17 of chapter 414 of the Laws of 1897, known as the "Village Law."   The election was held in pursuance of article 12, sections 300 to 304, inclusive, of said Village Law.   The respondents have moved to dismiss the appeal on the ground that it is not warranted by article XII of said law, and that this court has not acquired jurisdiction.

Three material questions appear in this case which this court should pass upon.

*First.* As it is claimed that from 149 to 152 illegal votes were cast, the question is asked, "What constituted a legal voter at said election?"

*Second.* Were enough illegal votes cast to justify the setting aside of said election, and

*Third.* No matter which way the above questions are decided, has this court jurisdiction in this appeal?

Article XII of said Village Law in no way states what shall constitute a voter at an election held for reincorporation.   As the village of Sag Harbor is already incorporated under the special charter above referred to, this court is of the opinion that legal voters of said village are those who would have a right to vote under said charter.   Section 3 of the charter designates said voters as the "inhabitants of said village entitled by law to vote at any general election in this State."   This applies to the election of village officers.   Section 46 of said charter in defining those persons who have a right to vote on the proposition of raising money says: " If any person offering to vote on a motion or resolution authoriz-

40

County Court, Suffolk County, October, 1900.     [Vol. 32.

ing the *raising of any tax* at any annual or special meeting of the inhabitants of said village, shall be challenged as unqualified, by any legal voter, the chairman presiding at such meeting shall require the person so offering to vote, to make the following declaration: 'I do declare and affirm that I am an actual resident of the village of Sag Harbor, that I own property worth at least one hundred dollars liable to be assessed for taxes therein, and that I am qualified to vote as a taxable inhabitant of said village.' Every person- making such declaration shall be permitted to vote on any question authorizing the raising of any tax, at such meeting; but if any person shall refuse to make such declaration, his vote shall be rejected, and every person who shall willfully make a false declaration of his right so to vote, upon being challenged as herein provided, shall be deemed guilty of a misdemeanor."

It will be seen by this that if a person shall be challenged as " unqualified," every person who will swear that he owns property worth at least one hundred dollars likely to be assessed for taxes in said village, and who is an actual resident of said village, is entitled to vote on a money proposition.

Therefore, if we narrow the qualifications of a voter down under said charter to the limit under this section, it is the opinion of this court that any person owning property worth at least one hundred dollars, who is challenged, and who would take the above oath, would be entitled to vote in said village upon this proposition of reincorporation.

The poll list used at the election for reincorporation shows that only three challenges were made, and we are governed by that no matter what the outside talk may be.

The assessment list of the village of Sag Harbor has not been put in evidence, but the assessment lists of the towns of Easthampton and Southampton for 1899 have. These, however, should not be taken into consideration in defining a legal voter at said election. It is not a question whether a voter's name or his property was on said last assessment list in either village or town assessment. The question is, was the voter a legally qualified voter, and this court is of the opinion that the village charter settles that. As only three of the alleged illegal voters were challenged, this court must assume that the other voters were legal, and that their votes must be counted. There is no proof, or even suggestion as to whether said voters voted for or against the proposition to reincorporate. Therefore, it does not appear that they may not have voted in the

negative with the minority at all, and there is no proof that all but three of these alleged illegal voters did not have the necessary proper qualifications, if the challenge had been made and the oath put to them. It is but reasonable to assume that a voter in an already incorporated village should be allowed to vote on a change in the municipal government under his old form of government. It is fair to presume that he enjoyed advantages or suffered disabilities that he would not under a new form of government, and consequently, it would be only just that a voter qualified to vote in such a village should have the right to express his choice of the form of government. It may be true from the proof offered, that there were a few votes cast by persons who were disqualified, but the proof does not show that there were enough of them, even if they had all been cast in favor of reincorporation, to have affected the result.

This court is, therefore, of the opinion that said election on the question of reincorporation was a legal one and that the record does not show that enough, if any, illegal votes were cast to have affected the result.

Returning to the question of jurisdiction, this court is of the opinion that an appeal to the County Court was not warranted by article XII of the Village Law, and that this court has not acquired jurisdiction. Said article gives no such right of appeal and this election can only be reviewed as other elections are reviewed. The appellants seem to have taken it for granted that an election on the question of reincorporation can and must be reviewed in the manner prescribed for the review of an election upon the first incorporation of a village. A sufficient answer to this proposition is that article XII does not prescribe that mode of review, and provides for no appeal whatever in proceedings for reincorporation.

An analysis of article I and article XII of the Village Law shows no resemblance between the proceedings for incorporation and those for reincorporation.

Section 300 does not provide for an appeal from the order of the board of trustees that an election be held.

Section 6, on the other hand, does provide for an appeal from a similar order by the supervisor.

Section 301 directs that notice of election be posted only in five places and it need only be advertised once.

Section 10 directs the notice of election to be posted in ten

places and to be published at least twice in the newspapers published in the territory.

Section 302 directs the certificate of election to be filed within twenty-four hours.

Section 14, on the other hand, directs such certificate to be filed within three days.

Section 22 provides as to a new election that after ten or within fifteen days from the filing of the certificate of election, if no appeal has been taken, or within fifteen days after the filing of the decision sustaining the election, the town clerk with whom such certificate is filed shall deliver a certified copy thereof to the Secretary of State and to the county clerk, etc.

Section 302, on the other hand, directs such filing to be within ten days after the election.

The court also takes due notice that no provision is made under article XII as to the time, in case an appeal is taken, and that, in fact, nothing about an appeal is said.

The County Court is a court of limited jurisdiction, and in a matter of this kind can certainly have no jurisdiction unless it is specifically given it by statute. This court, therefore, decides that it has no jurisdiction in this appeal whatever. The appeal is, therefore, dismissed upon all the reasons set forth in the above decision, and an order to that effect may be entered.

_Appeal dismissed._