WILLIAM J. SHEILS, Plaintiff, *v.* EDWARD J. FLYNN, as Secretary of State, ERNEST F. EILERT and JAMES H. SULLIVAN as and Constituting the Board of Elections of the County of Westchester, Defendants.*

Supreme Court, Special Term, Albany County, June 29, 1937.

*Julius Weiss, Timothy A. McCarthy* and *William J. O'Shea, Jr.* [*Julius Weiss* of counsel], for the plaintiff.

*John J. Bennett, Jr. Attorney-General* [*Henry Epstein, Solicitor-General,* of counsel], for the defendant Edward J. Flynn.

*William A. Davidson* [*Frank J. Claydon* of counsel], for the Board of Elections of the County of Westchester.

* Affd., 252 App. Div. 140.

*Westall & Stohldreier* [*Walter W. Westall* of counsel], for Charles H. Griffith, chairman of the Republican County Committee.

*Walter G. C. Otto* for William Cronin, chairman of the Democratic County Committee.

Schenck, J.   This is a motion by defendants Eilert and Sullivan, constituting the board of elections of the county of Westchester, to dismiss the complaint of the plaintiff herein upon the grounds (1) that the court has not jurisdiction of the subject-matter; (2) that the complaint does not state facts sufficient to constitute a cause of action; (3) that the plaintiff is estopped from bringing this action; (4) that title to office cannot be determined by a declaratory judgment, and (5) that the plaintiff has not exhausted all remedies available to him.

This action is brought by the plaintiff against the defendant Flynn, as Secretary of State, and against the other two named defendants as constituti‿g the board of elections of the county of Westchester.   The action is for a declaratory judgment as to the right and title of the plaintiff to the office of surrogate of Westchester county for the term beginning on the 1st day of January, 1937; that it be adjudged that George A. Slater, now deceased, had no legal right to hold such office of surrogate from the 1st day of January, 1937, and that it be adjudged that the plaintiff was duly elected to said office at the general election of November 3, 1936, and has the sole right to hold that office for a term of six years from the 1st day of January, 1937; that it be determined whether it is the duty of the defendant Flynn, as Secretary of State, to make and transmit to the board of elections of Westchester county at least three months before the next general election to be held in November, 1937, a certificate pursuant to section 69 of the Election Law stating that the surrogate of the county of Westchester is one of the offices to be voted for at such election; that the said defendant Flynn, as Secretary of State, be enjoined from making and transmitting to said board of elections such certificate, and that the court make such other and further declaration of the legal rights, relations and duties of the parties to this action as shall be necessary and proper in the premises.

The defendant Secretary of State has filed an answer raising certain issues and asking for a determination on the merits.

Briefly, the allegations contained in the complaint are as follows: A general election was held in the county of Westchester on November 3, 1936, the plaintiff and George A. Slater being rival candidates for the office of surrogate, the former being a candidate on the Democratic and American Labor ticket, and the latter on the

Republican ticket. Voting machines were used throughout the county except in cases of absentee voters, who used paper ballots. A re-examination of the voting machines, made pursuant to an order of this court, showed a majority of 291 machine votes for the plaintiff over Slater, his nearest rival. The complaint alleges that none of the absentee ballots were in the form required by law; that absentee ballots were issued to persons upon application not in conformity with the law; that many of the absentee ballots were cast by persons not legally qualified as absentee voters and that many of the absentee ballots were improperly marked and void. It alleges further that if the illegal ballots cast by absentee voters be disregarded that the plaintiff received the greatest number and the plurality of the legal votes cast for the office of surrogate and that he was duly elected to this office for a term of six years, and that despite this, a certificate of election was issued to Slater, who on January 1, 1937, usurped, intruded into and unlawfully exercised the powers and duties of such office of surrogate.

The complaint further alleges that plaintiff instituted a proceeding before the Attorney-General for the institution of quo warranto proceedings pursuant to section 1208 of the Civil Practice Act. Before the date set for a hearing Slater died and on March 2, 1937, the Governor appointed plaintiff surrogate of Westchester county. Following the death of Slater and the appointment of plaintiff to the office, the Attorney-General ruled that quo warranto would not lie and denied the proceeding.

There is the further allegation that by reason of these developments plaintiff was in some doubt concerning the form of action wherein his title to the office could be determined; that in view of the fact that a certificate of election had been issued to Slater, the Secretary of State intended to transmit, pursuant to the provisions of section 69 of Election Law, a certificate to the board of elections of Westchester county, setting forth that a vacancy existed in that office to be filled at the next general election, and that as such proposed action on the part of the Secretary of State amounted to a denial of plaintiff's claim that he had been elected surrogate, he was required to bring an action to prohibit the issuance of such certificate.

The plaintiff asks that the legal situation existing by virtue of the facts set forth in the complaint be now determined. This action raises directly the question as to whether or not a vacancy exists in the office of surrogate to be filled at the election in November, 1937.

It is the plaintiff's contention that irrespective of the form of action, the Supreme Court. has power to determine the title to

this office and that as quo warranto is not available by reason of the fact that plaintiff is the present incumbent, the question of title must be tried in some other action.

The defendants maintain that the court has not jurisdiction of the subject-matter and that the complaint does not state facts sufficient to constitute a cause of action; that title to office can be determined only by a quo warranto proceeding and that plaintiff is estopped from bringing this action by reason of his own acts, admissions and acquiescence.

The Civil Practice Act, section 1208, provides that the Attorney-General may maintain an action " upon his own information or upon the complaint of a private person, against a person who usurps, intrudes into or unlawfully holds or exercises within the State a franchise or a public office, civil or military, or an office in a domestic corporation." The plaintiff is the incumbent of the office and has no desire of ousting himself. He does, however, seek to have his right to the office established by a judgment of this court. The same allegations necessary, to support a complaint in quo warranto are set forth in the plaintiff's complaint, but this remedy ceased to be available to him upon the death of Judge Slater. From the moment of his death the office was either vacant or the title to the office was in the plaintiff. If the office was vacant, quo warranto was not a proper remedy. (*People ex rel. Kelly* v. *Common Council*, 77 N. Y. 503; *People ex rel. Corscadden* v. *Howe*, 177 id. 499; *Nichols* v. *MacLean*, 101 id. 526.)

In *People ex rel. Kelly* v. *Common Council* (*supra*) the court held that where an alderman during his term of office was elected Representative in Congress and accepted such office, the office of alderman immediately became vacant. DANFORTH, J., writing for the court said (p. 510): " The office was and is as vacant as if Mr. O'Reilly had never been born; his removal is as complete as if caused by death. When he accepted the new office the other ceased to have an incumbent. It was not a case, therefore, for quo warranto, for that will lie only when the party proceeded against is either a *de facto* or *de jure* officer in possession of the office (*King* v. *Corporation of the Bedford Level*, 6 East, 368), and an office that is vacant is in possession of no one."

If, on the other hand, the plaintiff was entitled to the office by reason of having received a plurality of the legal votes cast, he certainly was not a usurper within the meaning of the statute, nor did he endeavor to intrude into or attempt to unlawfully hold said office or attempt to perform the functions of surrogate.

Prior to the death of Judge Slater plaintiff had instituted a proceeding before the Attorney-General with a view of having

quo warranto proceedings taken pursuant to section 1208 of the Civil Practice Act. That was unquestionably a proper proceeding at that time. The Attorney-General, however, was amply justified in declining to proceed in quo warranto following Judge Slater's death.

The Supreme Court has jurisdiction to determine title to a public office and it would appear that an action for declaratory judgment is a proper remedy for determining the issues here involved. Even though another remedy be available, if there is doubt as to the adequacy of such remedy, declaratory judgment is appropriate. (*Woollard* v. *Schaffer Stores Co.*, 272 N. Y. 304; *James* v. *Alderton Dock Yards*, 256 id. 298.) In this action, the rights and legal duties of all persons concerned may be judicially determined without unreasonable delay.

The Court of Appeals, in *Kress* v. *Village of Watkins Glen* (267 N. Y. 184), has held this form of action to be appropriate and that resort to quo warranto was unnecessary to determine the validity of the incorporation of a village or the right of officers thereunder to act.

Again, in *Wingate* v. *Flynn* (256 N. Y. 690) the court sustained declaratory judgment as an appropriate remedy. In that case the plaintiff sought to compel the Secretary of State to issue a certificate because a vacancy did exist in the office of surrogate. We have the reverse of that situation here.

The defendants constituting the board of elections of Westchester county argue that plaintiff is estopped from bringing this proceeding by reason of his acceptance of the appointment. Obviously, if he was rightfully entitled to the office by virtue of the action of the electorate of Westchester county, the acceptance of the appointment certainly cannot affect his title to such office. The action of the Governor in making this appointment could not affect such title. At best, the Governor could make an appointment for the remainder of the term or until such time as the plaintiff's right could be determined.

In my judgment the complaint states a cause of action and this court has jurisdiction to determine title to the office of surrogate of Westchester county in an action for a declaratory judgment. The facts warrant the exercise of the remedy and the application by the defendants Eilert and Sullivan, constituting the board of elections of Westchester county, is denied.

Submit order.