CITY OF BROOKINGS, et al., Appellants v. BROOKINGS LAKE TELEPHONE COMPANY, et al., Respondents

(177 N.W.2d 489)

(File No. 10650.  Opinion filed May 26, 1970)

Petition for rehearing denied July 15, 1970

**McCann & Martin, George S. Mickelson,** Brookings, **David E. Morrill,** Sturgis, for plaintiffs and appellants.

**Lammers & Lammers,** Madison, for defendants and respondents.

HANSON, Judge.

This declaratory judgment action brought by the City of Brookings against the Brookings Lake Telephone Company involves the right to render telephone service in an area recently annexed to the City. The trial court refused to en-

join the defendant company from continuing to serve the area and declared any attempt by the City to extend its municipal telephone system into this and any other surrounding areas of the City would be an illegal and unlawful infringement upon the vested rights of the Brookings Lake Telephone Company. The City appeals.

Every city in this state is authorized "to establish, maintain, operate, and regulate a telephone system for its inhabitants." SDCL 9-41-1. Pursuant to this power the City of Brookings has owned and operated a municipal telephone system for many years. On October 2, 1967 the City extended its corporate limits by annexing adjoining land known as Telkamp Addition.

By virtue of a certificate of convenience and necessity issued by the Public Utilities Commission on April 12, 1956 the Brookings Lake Company is authorized to construct, maintain, and operate a telephone system in certain areas of Brookings and Moody counties. The certificated territory is primarily rural in character and completely surrounds the City of Brookings. This included all of the area in Telkamp Addition. Prior to annexation the rural cooperative was furnishing telephone service to four or five patrons therein.

In December 1967 the City objected to the construction of new lines in Telkamp Addition by the Company and demanded their removal. The City also canceled an extended service agreement between the City and the Company by giving the required notice of cancellation. The Brookings Lake Company refused to remove any of its telephone cables and line and claims an exclusive right to serve Telkamp addition and any other contiguous territory which the City of Brookings may annex in the future. It claims a vested right to continue serving the area by virtue of the franchise granted to it, and its predecessors, by the Public Utilities Commission. The City of Brookings, on the other hand, contends the Company cannot extend or expand any of its facilities within the annexed territory without first obtaining a franchise from the City.

According to Art. X, § 3 of our State Constitution "No * * * telephone line shall be constructed within the limits of any village, town or city without the consent of its local authorities." This constitutional grant of authority is supplemented by the following statutory provisions:

> SDCL 9-35-1. "Every municipality shall have power * * * to regulate or prohibit the erection of poles for telegraph, telephone, or electric wires in the public grounds, streets, or alleys, and the placing of wire thereon, and to require the removal thereof from such places and to require the placing of such wires under ground; and to grant and regulate rights and franchises for such purposes."

> SDCL 9-35-3. "The governing body shall grant no franchise to any public utility authorizing it to occupy any of the streets, alleys, or public places of the municipality without submitting the proposition of issuing such franchise to a vote of the electors thereof at a general or special election called for the purpose."

In the case of City of Mitchell v. Dakota Central Telephone Co., 25 S.D. 409, 127 N.W. 582, the court construed these sections as giving every municipality the exclusive right to control its streets and alleys and the "Constitution prohibits the state from passing any law granting to an individual or corporation the right to construct a telephone system or a street railway unless consented to by the municipality. Subject to these rights the state confers upon corporations or individuals the right to construct telegraph and telephone lines over the lands belonging to the state, and gives its consent, subject to the foregoing provisions to the same being constructed within the municipality." Also, in the case of City of Mt. Vernon v. Althen, 72 S.D. 454, 36 N.W.2d 410, the court observed that our laws vest "in the public utilities commission extensive powers in the supervision of public utilities" but do not "authorize the commission to grant to a person a franchise to use the public ways within a city for the conduct of a telephone business".

■ Although the franchise granted by the Public Utilities Commission to the Brookings Lake Telephone Company constitutes a valuable alienable, and taxable property right it is not perpetual or exclusive in nature. Any franchise granted by the Public Utilities Commission is subject to constitutional and statutory limitations on its authority. Consequently, it cannot authorize a public utility to use and occupy the streets and alleys within a municipality. S. D.Const. Art. 10, § 3. Nor can it grant an irrevocable franchise. Art. VI, § 12, S.D.Constitution. The nature of a franchise is described in Tennessee Electric Power Co. v. T. V. A., 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543, as follows:

> "The franchise to exist as a corporation, and to function as a public utility, in the absence of a specific charter contract on the subject, creates no right to be free of competition, and affords the corporation no legal cause of complaint by reason of the state's subsequently authorizing another to enter and operate in the same field. The local franchises, while having elements of property, confer no contractual or property right to be free of competition either from individuals, other public utility corporations, or the state or municipality granting the franchise."

■ Whenever the limits of any municipality are extended by annexation a certified copy of the resolution of the governing body and a map of the territory must be filed in the office of the register of deeds. Thereupon, the annexed territory becomes and is a part of the municipality, SDCL 9-4-11, and subject to its jurisdiction. When Telkamp Addition was so annexed to the City the Brookings Lake Telephone Company was lawfully occupying that territory and rendering telephone service under the franchise granted by the State Public Utilities Commission. After the territory was annexed the Company could rightfully continue serving its former customers or patrons. But, it could not extend its service lines on, over or under the streets and alleys of the new addition without a franchise from the City. To do so constitutes a violation of the City's constitutional and exclusive power to grant franchises and to regulate and

control the use and occupation of its streets and alleys. On the other hand, the City cannot be restrained from extending its telephone service to residents in the annexed area.

Reversed.

All the Judges concur.