354 So.2d 966 (1978)
The HERTZ CORPORATION and Royal Indemnity Company, Appellants,
v.
Willie R. PUGH, Appellee.
No. EE-273.
District Court of Appeal of Florida, First District.
February 8, 1978.
*967 Julian Bennett of Welch, Hilton, Bennett, Logue & Burke, Panama City, for appellants.
Richard Smoak of Isler, Higby, Brown, Smoak & Watson, Panama City, for appellee.
ERVIN, Judge.
Appellants appeal a summary final judgment holding that a liability insurance contract naming both Hertz and Wilson & Toomer as insureds, procured by Hertz's lessee, Toomer, did not show an intention to indemnify or insure Hertz for injuries which occurred to Willie R. Pugh caused by the sole negligence of Hertz. We reverse.
On November 10, 1966, Hertz executed a truck lease service agreement with Toomer in which Hertz agreed to lease to Toomer a number of trucks. Hertz provided at its own expense all maintenance, repair and inspection of the vehicles. Toomer agreed, at its sole cost, to provide an automobile liability insurance policy naming Hertz and Toomer as insureds with respect to the ownership, maintenance and use of the vehicles, *968 which insurance was designed as primary insurance with bodily injury limits of $100,000 per person and $300,000 per accident. Following the agreement, Toomer acquired an automobile liability insurance policy from Continental Insurance Company complying with the terms of the lease. During the period of the policy, on March 28, 1968, Willie Ray Pugh, a ranch worker, was injured when a portion of a universal joint in a leased truck, received 10-22 days prior to the accident, flew out and struck Pugh's leg while he was disengaging a trailer.
Pugh sued Hertz, Toomer and General Motors Corporation on various theories of negligence and breach of warranty. Hertz filed a cross-claim against Continental seeking indemnity from it up to the maximum limit available should Pugh prevail against Hertz on his claim. Later the three defendants entered into a stipulation agreeing to pay Pugh the total sum of $50,000, each contributing $16,666.67, reserving for trial the ultimate responsibility between them for the payment of $50,000. All questions concerning coverage of the two insurance policies involving Hertz's insurer Royal and Toomer's insurer Continental were reserved for determination following trial of the above issues. The jury found General Motors and Toomer not guilty of negligence or breach of warranty but found Hertz solely responsible for the legal cause of injury to Pugh due to the negligent maintenance of the vehicle. Judgment was subsequently entered against Hertz in favor of Toomer and General Motors Corporation in the sum of $16,666.67 each, which was subsequently paid by Hertz. Hertz filed a motion for summary judgment against Continental on its cross-claim, and the trial judge denied the motion and dismissed the cross-claim.
In reaching its decision denying summary judgment, the court relied upon University Plaza Shopping Center, Inc. v. Stewart, 272 So.2d 507 (Fla. 1973). We do not feel that the Stewart case is dispositive of the issues before us. There University Plaza Shopping Center leased a building in its shopping center to a tenant who used the premises to operate a barber shop. During the lease period a gas line exploded underneath the shop causing fatal injuries to a barber. The barber's widow sued the landlord for wrongful death alleging that it had negligently installed or maintained a gas line under the shop. Later the landlord filed a third party complaint against the tenant and his insurer. The landlord based his action upon a lease agreement containing an indemnity provision in which the tenant agreed to indemnify the landlord against any claims for personal injury or loss of life on the premises. He also agreed to keep in full force during the term of the lease a comprehensive general liability insurance policy. The evidence showed that the gas line was under, but not part of, the leased premises. Moreover the tenant failed to procure liability insurance insuring the landlord, but instead obtained insurance only for himself.
The court, in reviewing contrasting opinions of Florida courts and the Fifth Circuit Court of Appeals interpreting Florida law, concluded that a contract of indemnity could not be construed to indemnify against losses resulting from the indemnitee's solely negligent acts unless such intention was expressed in clear and unequivocal terms. The court had for its primary consideration a clause generally requiring the tenant to indemnify the landlord "from and against any and all claims for any personal injury or loss of life in and about the demised premises."
The lease agreement before us does not have the fatal ambiguity which existed in Stewart, and we disagree with the lower court's construction of it as failing to show an intention to indemnify or insure Hertz for its sole negligence. The lease agreement clearly provided that Toomer would provide a policy of automobile liability insurance insuring both Hertz and Toomer and their employees as to liability resulting from the ownership, maintenance, use or operation of vehicles furnished by Hertz to Toomer. True, the concluding sentence of Section 11 of the lease agreement provided generally that Toomer would indemnify and *969 hold harmless Hertz from and against all loss, liability and expense in excess of the liability insurance provided for therein. This sentence only applied to additional insurance above the primary insurance afforded. Even if the last sentence did not meet the specificity required by the Stewart decision, such clause has no application to Hertz's claim for indemnity because it sought no indemnity in excess of the primary coverage furnished by Continental.
The liability insurance policy, acquired by Toomer, provided the same limits of liability as required by the lease agreement. Continental was specifically obligated to pay the named insureds, Hertz and Toomer, all sums which they were obligated to pay because of damages resulting from bodily injury caused by an occurrence arising out of the ownership, maintenance or use of any automobile.
Continental's argument that Royal Indemnity  not Continental  provides primary liability insurance to Hertz is unavailing. The Royal Indemnity policy excluded coverage to Hertz (a) when other insurance was available to Hertz, and (b) when any person leased a vehicle from Hertz; if the lease required Hertz to obtain liability insurance, then coverage under the policy was afforded. The lease did not require Hertz to do so. This was the obligation of Toomer. Both the terms of the lease and the policy are clear. Hertz was a named insured. Its liability to Pugh arose from its negligent maintenance of the vehicle  a risk specifically covered by the policy. If the language in an insurance contract is clear and unambiguous, there is no necessity for construction and the language will be accorded its natural meaning. Pafford v. Standard Life Ins. Co. of Indiana, 52 So.2d 910 (Fla. 1951); Rigel v. National Casualty Co., 76 So.2d 285 (Fla. 1954). Hertz was entitled to be indemnified by Continental, its insurer, for the amount it paid; the amount being within the maximum limits of the coverage available.
The lower court also concluded that the insurance issued by Continental did not show an intent to insure Hertz for its own negligence which occurred before delivery of the vehicle to Toomer. Again we must disagree. While the evidence was conflicting as to whether Hertz negligently maintained the truck before its delivery to Toomer, still it was undisputed that the accident occurred after delivery and within the policy period. Consequently there was no genuine issue of a material fact which precluded Hertz from recovering summary judgment. Under coverage "C", pertaining to bodily injury liability, Continental was obligated to pay Hertz all sums which Hertz was legally obligated to pay as damages because of bodily injury caused by an occurrence arising from the ownership, maintenance or use of the vehicle. The policy contained no specific exclusion excusing Continental from indemnity to Hertz caused by the latter's negligent maintenance of the vehicle which occurred before delivery. It is the time of the occurrence of the accident, within the meaning of the policy of liability, which is generally deemed to be the time when the complaining party is damaged, not when the wrongful act is committed. New Amsterdam Casualty Co. v. Addison, 169 So.2d 877, 886 (Fla. 2nd DCA 1964). Compare Nixon v. United States Fidelity and Guaranty Co., 290 So.2d 26 (Fla. 1973) in which the court stated that a policy which provided coverage for "all operations" covered the contractor's liability for the collapse of a wall even though the policy contained a clause which excluded from coverage completed operations hazards.
The lower court also dismissed Hertz's cross-claim against Continental which included a demand for attorney fees and costs occasioned by Continental's refusal to defend Hertz against Pugh's complaint. This point however was not argued at the hearing on motion for summary judgment. Hertz may not raise it now for the first time on appeal.
The lower court's order denying Hertz's motion for summary judgment is REVERSED.
BOYER, Acting C.J., and MILLS, J., concur.