388 So.2d 266 (1980)
RACECON, INC., Appellant,
v.
Brent A. MEAD, Etc. et al., and Jeanie Elizabeth Burnham, Etc. et al., Appellees.
No. 79-499.
District Court of Appeal of Florida, Fifth District.
August 27, 1980.
*267 Michael A. Estes of Woolfolk & Estes, Orlando, for appellant.
Monroe E. McDonald of Sanders, McEwan, Mims & McDonald, Orlando, for appellees.
ORFINGER, Judge.
This is an appeal from a final judgment on a cross-claim holding that the lessee of a motor vehicle was obligated to provide primary liability insurance coverage on said vehicle notwithstanding the terms of the lease which required the lessor to provide such coverage. We reverse.
On February 21, 1977, lessor Ready Equipment, Inc. (Ready) leased an automobile to lessee Racecon, Inc. (Racecon) for one year. The written lease agreement provided that lessor would provide liability insurance for bodily injury up to limits of $100,000/300,000 and would name lessee as an additional insured. The lease further provided that the lessee would indemnify and save the lessor harmless from any amounts in excess of this coverage which lessor might be required to pay because of claims arising out of the operation of the motor vehicle by lessee or anyone with its knowledge or consent.
In the main action below it was alleged that Racecon had turned the vehicle over to its employee Burnham, whose minor daughter was operating it at the time it collided with a bicycle ridden by the minor plaintiff, Mead. Mead, joined by his mother, sued Ready as lessor, Racecon as lessee, Burnham and his minor daughter for damages resulting from the collision. Prior to the trial of the damage action, Racecon filed a cross-claim against Ready, alleging the terms of the lease and seeking a determination that Ready was obligated to provide primary insurance coverage because of the terms of the lease, which included the obligation to defend the main action.[1]
Ready answered the cross-claim and asserted that notwithstanding the lease terms, because of the requirements of section 627.7263, Florida Statutes (Supp. 1976),[2] *268 the lessee was obligated to carry primary insurance and any insurance carried by lessor would be excess. The trial court agreed, holding that the statute became part of the lease and that although the lease as written required Ready to provide primary coverage, the lease was superseded by the statute so that Racecon was actually required to carry the primary coverage.
By stipulation of the parties, the policies of insurance issued by different insurers to Ready and Racecon respectively were placed in the record.[3] The pleadings did not request the court to determine which policy provided primary coverage and which provided excess, nor did the court do so. The final judgment merely acknowledged that the policies had been introduced into evidence, and then held that the lease agreement, by virtue of the incorporation therein of the aforesaid statute, made it mandatory that Racecon, as lessee, provide primary liability coverage "... to the limits of liability required by chapters 324.021(7) and 627.736 of the Florida Statutes which was accomplished by an insurance policy issued ..." to Racecon.
Independent of any insurance requirement, and by virtue of the dangerous instrumentality doctrine, there is a common law obligation of owners of motor vehicles which makes them responsible for injuries caused by such vehicle in the course of its intended use.
The sole question presented to us on this appeal is whether the parties to a motor vehicle lease agreement are free to contract between themselves which of them shall provide the primary liability insurance coverage in the face of the statute as it then existed, which said that the lessee had that obligation. Prior to the enactment of the statute, the parties were free to contract between themselves with regard to the furnishing of insurance, although the owner continued to be responsible to injured third parties notwithstanding any agreement between the owner and the lessee. Insurance Company of North America v. Avis Rent-a-Car System, Inc., 348 So.2d 1149 (Fla. 1977). The court there held that it did not violate public policy to shift the burden of loss, and said:
... We hold that the public policy of the state was satisfied in this case when the injured's beneficiaries were compensated by the vehicle's owner for the negligent operation of a rented vehicle. The parties were free to contract between themselves to shift the burden of loss so long as they met the requirements of law, and in this case there is no suggestion that those requirements were not met....
Id. at 1154.
The statute in question was in effect only one year, because by chapter 77-468, Laws of Florida 1977, the legislature amended it to provide, as did the earlier case law, that the lessor's insurance would be primary unless the lease agreement clearly stated to the contrary. Other cases have upheld the validity of leases wherein the lessee takes on the obligation to provide insurance. Hertz Corporation v. Pugh, 354 So.2d 966 (Fla. 1st DCA 1978).
It is thus our view that so long as the public policy of the state was satisfied, (as it undoubtedly was here where the owner agreed to provide primary coverage both to satisfy its common law obligation and its obligation under the financial responsibility laws of the state) the parties were free to contract between themselves that the owner (lessor) would provide the primary coverage, thus shifting the burden of loss. The statute would determine that obligation where there was no agreement.
The judgment appealed from is reversed for further proceedings consistent herewith.
REVERSED and REMANDED.
SHARP, J., and BAKER, JOSEPH P., Associate Judge, concur.
NOTES
[1] It was not stated in the cross claim nor in the final judgment appealed from whether the damage claim had a value in excess of the limits mentioned in the lease agreement between the parties.
[2] Section 627.7263 Rental and leasing driver's insurance primary.

(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the rental or leasing driver or any other person operating the motor vehicle with the permission or consent of the rental or leasing driver shall be primary. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by §§ 324.021(7) and 627.736, Florida Statutes.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessor of the provisions of subsection (1) and providing a space for the lessee's insurance company's name.
[3] We note that no insurance company is a party to any part of this proceeding. While not disclosed in the stipulation, we can presume that the insurance policies were made a part of the record only to show their existence.