BROOKINGS–LAKE TELEPHONE
COMPANY, Plaintiff and
Appellant,

v.

CITY OF BROOKINGS, Defendant
and Appellee.

Nos. 16075, 16091.

Supreme Court of South Dakota.

Considered on Briefs Sept. 1, 1988.

Decided Oct. 19, 1988.

Brian B. Meyer of Meyer & Rogers, Onida, for plaintiff and appellant.

Richard J. Helsper of Erickson & Helsper, P.C., Brookings, for defendant and appellee.

SABERS, Justice.

Brookings–Lake Telephone Cooperative (Coop)[1] and City of Brookings (City) appeal a circuit court judgment affirming the South Dakota Public Utility Commission's (PUC) ruling as to who may provide telephone service in areas annexed by City.

### Facts

Coop offers telephone service to subscribers within its service areas as defined in the certificate of public convenience and necessity issued Coop by PUC in 1956.[2] City offers telephone service to subscribers within the city limits pursuant to SDCL 9–41–1. Since 1956, City has expanded its limits through several annexations. With each annexation, the city limits have expanded into Coop's telephone service area, resulting in territorial disputes over telephone services in these areas.

---

1. Since the commencement of this action, Coop has merged with the Deuel Telephone Cooperative, and is now known as Interstate Telecommunications Cooperative, Inc. By a PUC order dated December 28, 1987, the certificated service areas of each company were assigned to Interstate effective January 1, 1988. Interstate will be referred to throughout this opinion as "Coop."

2. The service area includes large segments of Brookings and Deuel Counties which surrounds the City of Brookings, but specifically excludes the city limits of Brookings.

In 1970, City brought a declaratory judgment action to enjoin Coop from serving a recently annexed area and permit City to serve residents in that area with telephone service. In *City of Brookings v. Brookings Lake Telephone Co.*, 85 S.D. 96, 177 N.W.2d 489 (1970) (*Brookings*), this court held that Coop could continue to serve its existing customers in the annexed area, but was prohibited from expanding their services without obtaining a franchise from City. The court held further that City could not be restrained from extending its telephone service to residents in the annexed area, despite infringement upon the certified service area of Coop. The effect of this decision was to allow City to serve new residents in annexed areas, while Coop was unable to expand service in these areas beyond their customers at the time of annexation.

On September 13, 1985, Coop filed a complaint with PUC claiming that City had unlawfully provided telephone service in Coop's service area. Coop claimed that changes in the law since the *Brookings* decision made it outdated and no longer the law of the case. Coop requested PUC to rule that City could not provide telephone service to annexed areas within the certified service area of Coop and sought damages for the customers served by City in these areas since 1970.

PUC ruled that

1) *Brookings* no longer controlled due to changes in the law;

2) Neither City nor Coop could expand telephone services into a territory already occupied and served by another telephone company without PUC authorization;

3) Coop could not be prohibited from expanding its service in an annexed area as long as it was a part of the service area of Coop;

4) City could expand its telephone service franchise into an annexed area only if Coop did not occupy and serve the area, which PUC construed as serving at least one customer in the area annexed; and

5) The order was prospective only so that previously annexed areas would maintain the status mandated by the *Brookings* decision and Coop was not entitled to damages.

Both parties appealed PUC's decision to the circuit court which affirmed PUC in all respects. The parties appeal all issues to this court, except 5), prospective application of PUC's order.

1. *PUC correctly held that the Brookings decision was no longer controlling.*

■ The holding in *Brookings* that Coop could not expand existing service in newly annexed areas was premised, in part, upon a constitutional provision which was subsequently repealed by popular vote. The repealed constitutional provision stated that, "No ... telephone line shall be constructed within the limits of any village, town or city without the consent of its local authorities." S.D. Const. art. X, § 3.

The *Brookings* holding was also based upon SDCL 9-35-1, which previously provided:

Every municipality shall have power ... to *regulate or prohibit* the erection of poles for telegraph, telephone, or electric wires in the public grounds, streets, or alleys, and the placing of wire thereon, and to require the removal thereof from such places and to require the placing of such wires under ground; and to grant and regulate rights and franchises for such purposes. (emphasis added).

SDCL 9-35-1 has been revised to state:

Every municipality may *regulate and provide* for ... the erection of poles for telegraph, telephone or electric wires.... However, no franchise or any franchise election may be required of any public utility which has been assigned a service area pursuant to § 49-34A-44, telephone company subject to chapter 49-31, or a rural water system.... (emphasis added).

This statutory revision is consistent with the repeal of Article X, § 3 of the South Dakota Constitution, which required the consent of a municipality before constructing any utility poles or lines, including tele-

phone. Municipalities may still regulate utilities within the municipality, subject to PUC regulation and supervision. However, there is no longer any authority which supports *Brookings'* holding that municipalities may require a utility to obtain a franchise from a city before expanding services within the city.

PUC also rejected *Brookings'* holding that "the City cannot be restrained from extending its telephone service to residents in the annexed area." *Brookings, supra,* 177 N.W.2d at 491. PUC based this ruling upon SDCL 49–31–20 and SDCL 49–31–21.[3] These statutes provide that any organization operating a telecommunications facility may not expand its services into an area already occupied or served by another telecommunications company, or outside its own service area, absent certification from PUC. *Brookings'* holding that a city cannot be restrained from extending telephone service to the annexed area conflicts with these two statutes. Although amended since 1970, these statutes are substantially the same as when *Brookings* was decided. Apparently, the *Brookings* court did not believe these statutes applied to municipal telephone companies, which are provided for in a separate chapter, SDCL 9–41.

Sufficient statutory changes have occurred since the *Brookings* decision to indicate that SDCL 49–31–20 and SDCL 49–31–21 apply to municipal telephone companies. First, SDCL 9–41–1, as amended, states in part, "Every city by itself or in conjunction with others within or without such municipality, *subject to the supervision of the public utilities commission as otherwise provided by law,* may establish ... a telephone system[.]" (emphasis added). At the time of the *Brookings* decision the itali-

cized portion came at the end of the statute, and simply read "subject to powers of supervision of the public utilities commission." Also, SDCL 49–31–5.1 has been enacted since the *Brookings* decision. This statute exempts municipal telephone systems from certain PUC regulations under SDCL 49–31. However, SDCL 49–31–20 and SDCL 49–31–21 are not included in the list of exempted statutes under SDCL 49–31–5.1. Therefore, these statutory changes indicate that SDCL 49–31–20 and SDCL 49–31–21 do apply to municipal telephone companies.

City argues that *Brookings* is still good law, on the basis that a city's power to annex under SDCL 9–4 necessarily includes the power to extend its utility services into that area. City argues that SDCL 9–41–1 provides further support for this power as it permits City to expand telephone services to its boundaries. We do not question City's ability to provide for orderly expansion through annexation, but as a statutorily created entity, City's powers are limited to express or implied statutory powers. *City of Rapid City v. Rensch,* 77 S.D. 242, 90 N.W.2d 380 (1958). As this court stated in *Robbins v. City of Rapid City,* 71 S.D. 171, 176, 23 N.W.2d 144, 147 (1946):

> The Constitution and statutes of this state invest municipal corporations with certain powers; they have no powers other than those so granted and such as are incidental thereto. Where specific powers are so conferred a municipal corporation is vested with discretion as to the method of exercising such powers unless the method of such exercise is prescribed or limited by the Constitution or by legislative enactments.

---

**3.** The relevant portion of SDCL 49–31–20 provides:

... Nor may such an association, corporation, or individual build or construct telecommunications facilities into or within the territory or community already occupied and served by another telecommunications company as defined by § 49–31–1.

SDCL 49–31–21 provides in part:

Any association, corporation or individual before commencing the construction of a telecommunications facility, or an extension of

an existing facility outside its lawful territory, shall first apply to the commission for authority to do so. ... Nothing in this section affects construction or extension of facilities within the territory for which a company has the certificate to operate, into contiguous territory which is not receiving similar service, or where a certificated telecommunications company agrees in writing to an attachment of lines to the poles of or to parallel the lines of another certificated telecommunications company.

Municipal telephone companies are specifically made subject to "the supervision of the [PUC] as otherwise provided by law, ..." under SDCL 9–41–1. The limitations on telephone companies in SDCL 49–31 are equally applicable to municipal telephone companies, subject only to certain exceptions in SDCL 49–31–5.1, which do not include SDCL 49–31–20. Therefore, SDCL 49–31–20 limits City's ability to expand telephone services into annexed areas which are occupied or served by another telephone company.

2. *Territory already occupied and served by another telecommunication company.*

 PUC ruled that an annexed area is "occupied and served by another telecommunications company," under SDCL 49–31–20, when a telephone company already serves one or more customers in the annexed area. Coop contends this is an improper interpretation of the statute. Coop would interpret the words to mean any area which PUC has certified as a service area of a telephone company.

The interpretation offered by Coop would preclude City from any future expansion of telephone service into newly annexed areas, since the entire city is surrounded by Coop's service area. Such an absolute prohibition would be inconsistent with the provisions of SDCL 49–31 and SDCL 9–41.

Coop argues that PUC's interpretation would encourage gerrymandering by City in its annexations, and effectively result in Coop's inability to obtain new customers in these areas. Coop's argument fails for several reasons. First, the annexation provisions in SDCL 9–4 are designed to prevent such dangers. *See* SDCL 9–4–4.2. Second, Coop assumes that City will plan their growth, expansion, and annexation around the desire or ability to provide telephone service to a newly annexed area. Coop also assumes that City will act with improper motives and purposes in future expansion. These assumptions are unrealistic under this record and we reject them at this time.

PUC's interpretation of SDCL 49–31–20 appears to be consistent with both the legislative intent and the underlying policy considerations of the statutes for balancing the competing interests involved.

AFFIRMED.

All the Justices concur.