549 So.2d 680 (1989)
Gaylord J. PERRY, As Personal Representative of the Estate of Blanche Manning Perry, Deceased, Appellant,
v.
G.M.A.C. LEASING CORPORATION, Appellee.
No. 88-02208.
District Court of Appeal of Florida, Second District.
July 21, 1989.
Rehearing Denied October 5, 1989.
*681 Michael R.N. McDonnell of McDonnell Trial Lawyers, Naples, for appellant.
Larry I. Gramovot of Stuart, Gramovot & Strickland, P.A., Tampa, and Patrick J. McNamara of de la Parte, Gilbert & Gramovot, P.A., Tampa, for appellee.
Richard A. Kupfer of Wagner, Nugent, Johnson, Roth, Romano, Eriksen & Kupfer, P.A., West Palm Beach, for amicus curiae Academy of Florida Trial Lawyers.
Jeffrey B. Shapiro and Judy D. Shapiro of Herzfeld and Rubin, Miami, for amicus curiae Florida Motor Vehicle Leasing Group.
LEHAN, Judge.
In this wrongful death suit plaintiff appeals a summary judgment in favor of defendant who was the lessor of the automobile, the negligent operation of which was the alleged cause of the damages claimed. The basis for the summary judgment was section 324.021(9)(b), Florida Statutes (1987), which provides:
Notwithstanding any other provision of the Florida Statutes or existing case law, the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100,000/$300,000 bodily injury liability and $50,000 property damage liability; further, this subsection shall be applicable so long as the insurance required under such lease agreement remains in effect, shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith.
The lease was for five years, gave the lessee the option to purchase the vehicle at the end of the lease term, and required the lessee to obtain the insurance specified in the statute which, in fact, the lessee had obtained.
Plaintiff, citing Smith v. Dept. of Insurance, 507 So.2d 1080 (Fla. 1987), and Kluger v. White, 281 So.2d 1 (Fla. 1973), contends on appeal that section 324.021(9)(b) infringes upon his right to access to the courts in violation of article I, section 21 of the Florida Constitution by effectively placing a cap upon his damages and depriving him of his right to sue the lessor.
We affirm. Unlike the statutes involved in Smith and Kluger, section 324.021(9)(b) does not place a cap upon damages. It does not limit plaintiff's right to recover damages from the lessee who controls the operation of the vehicle. Nor does it place a cap upon those damages. It essentially only mandates that a long-term lessor shall not under certain circumstances be deemed the owner of the motor vehicle for purposes of the dangerous instrumentality doctrine. Cf. Palmer v. Evans, 81 So.2d 635 (Fla. 1955). Palmer applied a statute providing that a conditional vendor of a *682 motor vehicle under certain circumstances is not the owner of the motor vehicle for purposes of the dangerous instrumentality doctrine. The similarity between conditional vendors and lessors is indicated by the following language in Palmer:
[T]he rationale of our cases which impose tort liability upon the owner of an automobile operated by another ... would not be served by extending the doctrine to one who holds mere naked legal title as security for payment of the purchase price. In such a titleholder, the authority over the use of the vehicle which reposes in the beneficial owner is absent... . Moreover, in jurisdictions having statutes making the owner liable for the negligence of another driving his car with his consent, the term "owner" has been universally construed to eliminate those who hold nothing more than naked legal title.
Id. at 637.
While, as plaintiff argues, the lease also specifically provides that the "lessor remains the owner of the vehicle," nonetheless the fact remains that the lessor retains no control over the operation of the motor vehicle. Accordingly, the lessor has under the lease essentially no more than naked legal title which is all that the above-quoted portion of the lease, which is otherwise stated to be included for federal income tax purposes, recognizes. See also Lee v. Ford Motor Co., 595 F. Supp. 1114, 1116 (D.D.C. 1984) ("[T]here is overwhelming precedent for the proposition that the person that holds legal title to a vehicle will not always be deemed to be the `owner' under the Motor Vehicle Safety Responsibility Act. Instead, looking to the purpose of the Act, the courts `place the liability upon the person in a position ... to allow or prevent the use of the vehicle... .'"). Indeed, section 324.021(9)(b) may be viewed as enhancing the recoverability of damages from lessees by calling for minimum insurance requirements to be imposed upon lessees.
Furthermore, plaintiff has not shown, other than pointing to dicta in Racecon, Inc. v. Mead, 388 So.2d 266 (Fla. 5th DCA 1980), that there ever was a common law right of action under the dangerous instrumentality doctrine in Florida against a long-term lessor of a motor vehicle. Mead involved "the sole question" of whether, notwithstanding the fact that section 627.7263, Florida Statutes (Supp. 1976), obligates a lessee to carry primary liability insurance, a lessor and lessee could contract for the lessor to provide such coverage. Id. at 266-68. Mead does not appear to have litigated the issue of whether a long-term lessor has, in contrast to a conditional vendor, a sufficient ownership interest for the purpose of the dangerous instrumentality doctrine. Accordingly and contrary to plaintiff's argument, it may be concluded that he was not deprived of a right established under Florida law to sue a lessor in these circumstances because it does not appear that such a right had been established. That is, it appears that the parameters of the common law right of action against the owner of a motor vehicle under the dangerous instrumentality doctrine had not been fully established in Florida in this regard prior to the enactment of section 324.021(9)(b), and that that section established those parameters for the first time.
Affirmed.
RYDER, A.C.J., and THREADGILL, J., concur.