## WESTHEIMER v PEARL, et al.

### Case No. 89-32490(25)

Eleventh Judicial Circuit, Dade County

February 2, 1990 nunc pro tunc January 23, 1990

**APPEARANCES OF COUNSEL**

**Joshua D. Medvin, Esquire,** Medvin & Medwin, for plaintiff.

**Mitchell A. Chester, Esquire,** for defendant, James J. Pearl

**Jeffrey B. Shapiro,** Judy D. Shapiro, Herzfeld and Rubin, for defendant, World Omni Leasing, Inc.

### OPINION OF THE COURT

PHILIP BLOOM, Circuit Judge.

On November 15, 1983, WORLD OMNI LEASING, INC. ("WOLI") and JAMES J. PEARL ("PEARL") entered into a motor vehicle Lease Agreement for a four-year term. Pursuant to the terms of the Lease Agreement, PEARL was required to obtain insurance acceptable to WOLI containing limits of not less than $100,000/$300,000 bodily injury liability coverage and $50,000 property damage liability coverage. The required insurance was in effect on November 6, 1986, when PEARL, while driving the subject vehicle, was involved in

an accident with Plaintiff.[1] In 1989, Plaintiff filed suit against WOLI based upon its status as the lessor/owner of the motor vehicle operated by PEARL.

WOLI moved for Final Partial Summary Judgment on the grounds that, as a matter of law, (1) WOLI was not the beneficial owner of the vehicle, and (2) pursuant to § 324.021(9)(b), Florida Statutes (1986), WOLI could not be considered the owner of the vehicle for purposes of imposing tort liability for the negligent acts of the lessee/operator, PEARL.

Section 324.021(9)(b), Florida Statutes (1986), provides as follows:

*Notwithstanding any other provision of the Florida Statutes or existing case law,* the lessor, under an agreement to lease a motor vehicle for 1 year or longer which requires the lessee to obtain insurance acceptable to the lessor which contains limits not less than $100,000/$300,000 bodily injury liability and $50,000 property damage liability; further, this subsection shall be applicable so long as the insurance required under such lease agreement remains in effect, *shall not be deemed the owner of said motor vehicle for the purpose of determining financial responsibility for the operation of said motor vehicle or for the acts of the operator in connection therewith.* (Emphasis added.)

The recent cases from the Second District Court of Appeal support WOLI's position that it is entitled to final partial summary judgment.[2] *Perry b G.M.A.C. Leasing Corp.,* 549 So.2d 680 (Fla. 2d DCA 1989),[3] relieved the lessor from tort liability for the negligent acts of its lessee pursuant to § 324.021(9)(b) where the lease complied with the provisions contained therein. The Court acknowledged that there never was a common law right of action, under the dangerous instrumentality doctrine, against a long-term lessor, who holds nothing more than naked legal title. *Perry* operates so as to not "strap" long-term lessors with tort liability for acts over which they have no control.

*Kraemer v General Motors Acceptance Corp.,* 15 FLW D81 (Fla. 2d DCA 1989), advanced the rationale of the *Perry* decision one step

---

[1] WOLI presented affidavits showing that the requisite insurance was in effect.

[2] Inasmuch as there is no conflicting decision arising from the Third District Court of Appeal, this court is obligated to follow the decisions rendered in *Perry* and *Kraemer, infra. Stanfill v State,* 384 So.2d 141 (Fla. 1980); *Chapman v Pinellas County,* 423 So.2d 578 (Fla. 2d DCA 1982).

[3] The Florida Supreme Court declined to accept jurisdiction on January 24, 1990.

further and held that, regardless of § 324.021(9), the long-term lessor, which has relinquished beneficial ownership to its lessee, has no liability under the dangerous instrumentality doctrine for the negligent acts of the lessee. In deeming it unnecessary to rely upon Florida's traffic regulation statutes or financial responsibility laws, the Court squarely held that liability goes hand in hand with beneficial ownership, not title.

In *Cordon v World Omni Leasing, Inc.,* No. 88-2272 (Fla. 3d DCA 1989), via a *per curiam* affirmance, the Court upheld the constitutionality and applicability of § 324.021(9)(b) so as to relieve the lessor from liability, under similar circumstances.

This Court will discuss Plaintiff's contentions, which are not found to be persuasive, even had the *Perry* and *Kraemer* decisions not been rendered. Plaintiff's contention - that to apply § 324.021(9)(b) to the instance case, would be an improper retroactive application of the statute - is without merit. Although the Lease Agreement in this case was entered into prior to the effective date of § 324.021(9)(b), the accident, which is the *subject matter* of Plaintiff's Complaint, did not occur until *after* the effective date of the statute. Thus, there is no retroactive application. The statute does not apply to the contract entered into between WOLI and PEARL (to which Plaintiff was not a party), but rather, to the alleged accident with Plaintiff, which occurred over one year subsequent to the statute's effective date.[4]

In further opposition to the summary judgment motion, Plaintiff contends that § 324.021(9)(b) has no effect upon the dangerous instrumentality doctrine, merely operating to relieve lessors from the obligation to provide proof of financial responsibility. Patently, the Financial Responsibility Law and the dangerous instrumentality doctrine are inextricably interrelated. In fact, the dangerous instrumentality doctrine is an expression of a financial responsibility principle. *Insurance Company of North America v Avis Rent-A-Car System, Inc.,* 348 So.2d 1149 (Fla. 1977). To clothe subsection (b) with the interpretation urged by Plaintiff would render it a useless and superfluous act, a result which the law abhors. The law is, and this Court must be mindful of, avoiding statutory interpretation which would yield this result.

The absence of merit to Plaintiff's position is highlighted by his contention as to the scope of subsection (b). Simply stated, the question becomes, what would be the purpose of § 324.021(9)(b), if it does not serve to relieve the long-term lessor, who has complied with the

---

[4] In *Perry,* the lease agreement was entered into on March 11, 1986, *prior* to the effective date of § 324.021(9)(b).

provisions contained therein, from liability? If subsection (b) does not relieve the long-term lessor from liability, what is the purpose of the required increase of the lessor's liability insurance? Plaintiff has suggested no other logical purpose.

Plaintiff would have this Court adopt the following illogical conclusions:

(1) That § 324.021(9)(b) does not relieve long-term lessors, who have complied with the provisions therein, from vicarious liability;

(2) That the long-term lessor must obtain insurance of greater amounts than the ordinary owner, without any resulting benefit; and

(3) That the legislature enacted the requirement of $100,00/$300,-000/$50,000 coverage, which serves no purpose—because according to Plaintiff, notwithstanding the fulfillment of that requirement, the long-term lessor remains the "owner." These contentions make *no* sense. *From what exact responsibilities of ownership is the long-term lessor being relieved, if not from vicarious liability?*[5]

The House of Representatives' Debate on Bill 902 (amendment to section 324.021, Fla. Stat.) is of no avail to Plaintiff in his attempt to dissuade this Court from holding that the legislature meant exactly what it said. In the instant case, there is a clear manifestation of legislative intent, which is the polestar of judicial construction. *Lowry v Parole and Probation Comm's,* 473 So.2d 248 (Fla. 1985).

Representative Dudley: As most of you know under current law, and I think the law of all states, the owner of an automobile is financially responsible for damages caused when that car is involved in an accident or that motor vehicle, as I understand the amendment as it has been explained on the House floor, would say that the lessor of an automobile, the owner who is allowing someone else to use it would be avoiding that liability . . .

Further debate Representative Woodruff for what purpose, speak against the Amendment. You are recognized. Ladies and gentlemen, what Mr. Meffert is trying to do is trying to get certain people out from responsibility as having an ownership of an automobile, at the present time, Florida has a *dangerous instrumentality* rule . . . (Emphasis added.)

---

[5] Other jurisdictions through statutory enactments have likewise excluded certain types of lessors from the definition of "owner," without the denouement of their judiciaries. *Lee v Ford Motor Co.,* 595 F. Supp.1114 (D.D.C. 1984); *Moore v Ford Motor Credit,* 430 N.W.2d 577 (Mich. Ct. App. 1988). The courts therein placed the liability upon the person in a position to control the vehicle's use, i.e., the lessee.

208

Representative Gallagher, Mr. Speaker, Ladies and Gentlemen of the House, listen to what Mr. Upchurch says, what he is saying is that we are treating a lease that is for one year or longer very similar to a purchase . . .

The alleged "assault" on the dangerous instrumentality doctrine is not novel in that the doctrine is not absolute in its application. The doctrine does not apply, and an owner is not liable for injuries caused by a vehicle's negligent operation by: 1) a repairman, *Castillo v Bickley,* 363 So.2d 792 (Fla. 1978); 2) a valet, *Fahey v Raftery,* 353 So.2d 903 (Fla. 4th DCA 1977); or 3) a bailee passenger who had entrusted its operation to a negligent driver, *Devlin v Florida Rent-A-Car, Inc.,* 454 So.2d 787 (Fla. 5th DCA 1984).

Florida law holds, and has so held for more than thirty years, that the transfer of the beneficial ownership of a vehicle absolves the legal titleholder, under a conditional sales contract, from tort liability. *Horne v Vic Potamkin Chevrolet, Inc.,* 533 So.2d 261 (Fla. 1988); *Palmer v Evans,* 81 So.2d 635 (Fla. 1955); *Gary Fronrath Volkswagen, Inc. v Munsey,* 532 So.2d 1296 (Fla. 4th DCA 1988); *Register v Redding,* 126 So.2d 289, 291 (Fla. 1st DCA 1961). The Legislature has merely seen fit to carve out another exception to the dangerous instrumentality doctrine.[6]

Asserting that the Legislature did not mean exactly what it said in § 324.021(9)(b), Plaintiff argues, that assuming the Legislature did mean exactly what it said, then the statute is unconstitutional for a variety of reasons.

The law is well established in holding that the burden is upon the party challenging the constitutionality of a statute to demonstrate *clearly* that it is, in fact, invalid. *Village of North Palm Beach v Mason,* 167 So.2d 721, 726 (Fla. 1964). It is equally well settled that statutes are presumed to be constitutional and should be so construed if at all possible. *Gulfstream Park Racing Ass'n, Inc. v Department of Business Reg.,* 441 So.2d 627 (Fla. 1983).

Coupled with these rules of statutory construction, is the fundamental principle that this Court *must,* if reasonably possible, resolve all doubts as to the validity of § 324.021(9)(b) in favor of its constitutionality. *Powell v State,* 345 SO.2d 724 (Fla. 1977); *Burnsed v Seaboard Coast Line R.R. Co.,* 290 So.2d 13 (Fla. 1974). If a statute may reasonably be construed in more than one manner, the Court is under

---

[6] Under *Perry* and *Kraemer, supra,* the Court held that common law places no liability on the long term lessor under the dangerous instrumentality doctrine.

an obligation to adopt a construction that comports with the dictates of the Constitution, i.e., upholding the constitutionality of same. *Vildibill v Johnson,* 492 So.2d 1047 (Fla. 1986). This Court does not feel it necessary to construe § 324.021(9)(b) since it is valid, clear and unambiguous on its face.

Plaintiff argues that § 324.021(9)(b) is unconstitutional because it impairs the obligation of contracts. The Lease Agreement which is allegedly being impaired was entered into between PEARL and WOLI.[7] Plaintiff had no vested rights under the Lease Agreement, to which he was not a party, on the date that § 324.021(9)(b) became effective. Plaintiff's mere possibility of sharing in WOLI's assets because of an automobile accident in the future is not entitled to constitutional protection. *In re Will of Martell,* 457 So.2d 1064, 1067 (Fla. 2d DCA 1984). The mere prospect that plaintiff might recover damages, in a tort claim, from a defendant, is not a vested right. *Lamb v Volkswagenwek, Aktiengesellschaft,* 631 F.Supp. 1144 (S.D. Fla. 1986). Likewise, no one had a vested right in a particular remedy or rule of procedure in existence at the time the lease agreement was made.

> The remedial law enforced at the time the contract is made, entered into and becomes a part thereof, but the parties to the contract have no vested right under the contract clause of the federal Constitution, and the particular remedy or modes of procedure then existing. It may be assumed that the parties made their contract with knowledge of the power of the state to change the remedy or method of enforcing the contract obligations . . . A State by legislative enactment modify existing remedies and substitute others without impairing the obligation of contracts . . . *Mahood v Bessemer Properties, Inc.,* 18 So.2d 775, 779-80 (Fla. 1944).

Since § 324.021(9)(b) does not have the effect of rewriting the contract entered into between PEARL and WOLI (the parties to the contract), i.e., no substantive rights of WOLI and/or PEARL were changed, there is no impairment of the obligation of contracts. *Manning v Travelers Ins.Co.,* 250 So.2d 872 (Fla. 1971); *Pinnellas County v Banks,* 19 So.2d 1 (Fla. 1944); *United States fidelity & Guar. Co. v Department of Insurance,* 453 So.2d 1355 (Fla. 1984). Indeed, § 324.021(9)(b) only reaffirms paragraph 28 of the Lease Agreement which holds the lessee is responsible for all claims arising from the use of the leased automobile.

Plaintiff's other constitutional challenges are likewise inappropriate.

---

[7] Plaintiff's standing to advance this argument is highly tenuous.

"The legislature is vested with wide discretion to determine the public interest and the measures necessary for its achievement." *Fraternal Order of Police, Metropolitan Dade County Lodge No. 6 v Department of State,* 392 So.2d 1296, 1302 (Fla.1980). This Court must sustain § 324.021(9)(b) if any realistic and rational set of facts may be conceived to support it. *Id.* That a statute results in some inequality will not render it unconstitutional. *Loxahatchee Revert Environmental Control Dist. v School Bd. of Palm Beach Cty.,* 496 So.2d 930 (Fla. 4th DCA 1986). In order to be invalid, a statute "must be so disparate in its effect as to be wholly arbitrary." *Id.* at 938.

In this case, it is not difficult to find a legitimate goal for 4324.021(9) (b). The Legislature has analogized the lessor/owner of a vehicle under a lease for a period of one year or longer to that of a seller, who relinquishes all control and dominion over the motor vehicle. This is similar to the other limitations imposed upon the dangerous instrumentality doctrine. Just as the owner who delivers his vehicle to a service station, or an owner who delivers his vehicle to a valet parking service, is not held responsible for the vehicle that is out of his control, now, too, the lessor which relinquishes control over its vehicle is relieved of responsibility for injuries arising from its operation.

This Court's function is not to determine whether § 324.021(9)(b) achieves its goal in the best manner possible, only whether the goal of § 324.021(9)(b) is legitimate and the means to achieve it are rationally related to the goal. A legislative classification need not be perfect to be constitutional. "Evils" may be regulated one at a time. *Id.*

Plaintiff also argues that § 324.021(9)(b) is unconstitutional because it attempts to limit the amount plaintiffs are entitled to recover from lessors under the dangerous instrumentality doctrine. The Legislature has neither totally abolished nor eliminated plaintiff's right to recover for injuries. The elimination of one possible ground for relief does not require the Legislature to provide some replacement. *Jetton v Jacksonville Elec. Auth.,* 399 So.2d 396 (Fla. 3d DCA 1981).

The Constitution does not require the substitute remedy unless the legislative action has abolished or totally eliminated the previously recognized cause of action.

As discussed in *Kluger,* and borne out in later decisions, no substitute remedy need be supplied by legislation which reduces but does not destroy a cause of action. The Court pointed out that legislative changes in the standard of care required, making recovery for negligence more difficult, impede but do not bar recovery, and so are not constitutionally suspect. *Id.* at 398.

211

Plaintiff's right to seek redress has not been abolished. The Legislature has clearly stated that the lessee/driver, Defendant PEARL, is the party against whom relief must be sought. This is not violative of Plaintiff's right to "redress of any injury" guaranteed by the Constitution. *White v Hillsborough Cty. Hosp. Auth.*, 448 So.2d 2 (Fla. 2d DCA 1983). Even where a cause of action is reduced, as opposed to being totally destroyed, the Legislature need not provide a substitute remedy. *Id.* Plaintiff still can seek redress against the active tortfeasor. *There is no constitutional right to a "deep pocket" defendant.*

This Court finds all of Plaintiff's constitutional challenges to be without merit.[8] Both the doctrine of beneficial ownership and § 324.021(9)(b) establish that WOLI is not to be considered the "owner" nor liable for the injuries sustained by Plaintiff, BRUCE WESTMEIMER. No genuine issue of material fact exist, and Final Partial Summary Judgment is hereby entered in favor of WOLI and against Plaintiff.

DONE and ORDERED in Chambers, at Miami, Dade County, Florida, this 2nd day of February, 1990, nunc pro tunc January 23, 1990.

---

[8] The Petition for Discretionary Review in *Perry*, denied by the Florida Supreme Court, raised the unconstitutionality of § 324.021(9)(b).